# Sloss-Sheffield Steel & Iron Co., *v.* Johnson.

### *Bill to Abate Nuisance.*

(Decided July 6th, 1906. 41 So. Rep. 907.)

*Highways; Obstructions; Remedy of Private Persons; Injunctions.*
—The owner of private property abutting on a street is entitled to have a public nuisance abated as one suffering special damages therefrom, who is compelled to take a circuitous or

round about way along other streets in travelling between his property and the markets and intercourse with the outside world by reason of the stopping up of the abutting streets by dumping slag therein.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

This was a bill by Johnson to abate a public and private nuisance arising from the obstruction of certain streets in the city of Birmingham by the dumping of slag into them by the Sloss-Sheffield Steel & Iron Co. The case made by the bill together with the facts are sufficiently stated in the opinion of the court.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellants. In order for a private individual to maintain a bill for the purposes sought in the case at bar, it must be avered and shown not only that the complainant sustains some special injury to himself, distinct and independant of a general injury to the public, but it must also be averred and shown that the injury will be irreparable, or will be such that a complete compensation therefor cannot be obtained in a single action at law.—*Dennis v. M. & M. R. R. Co.*, 137 Ala. 649. The case at bar is on all fours in principle with the case just above cited, and in that case the following cases are cited.—*Keller v. Bullington*, 101 Ala. 267; *Bolling v. Crook*, 104 Ala. 130.

CABANISS & WEAKLEY, for appellee. The right of complainant to maintain this bill is clearly established by the following cases.—*Roberts v. Matthews*, 137 Ala. 533; *Cabbell v. Williams*, 127 Ala. 320; *Whaley v. Wilson*, 112 Ala. 627; *Jones v. Bright*, 140 Ala. 268.

TYSON, J.—This is the case of a bill filed by the appellee to abate a public and private nuisance arising from obstructing streets in the city of Birmingham by dumping therein slag from a furnace. The appellant demurred to the bill, and, the demurrer being overruled, this appeal is prosecuted to reverse the decree of the lower court.

25

The complainant is the owner of a block of city property, which, it seems, is east of the alleged obstructions placed in the streets by the appellant; and the allegation making out the public nuisance is that the streets are, and long have been, dedicated to public uses as highways, and that the appellant by dumping slag therein totally obstructs the use thereof. The allegation, to give the appellee a standing in court to have this public nuisance abated, is that he is the owner of the property, an entire square, in the vicinity, and that the obstructed highways are streets leading from his property to the city of Birmingham and are the direct way for travel, and that by the obstructions he is deprived of the use of this direct route and is compelled to take a circuitous one in to other streets to the north or south of the obstructions. It is conceded that the facts alleged make out a public nuisance, and the only point at issue is whether they show such a peculiar injury to the complainant below as to give him a standing in court.

The general rule is that a private individual, who suffers no damage different from that sustained by the public at large, has no standing in court for the abatement of a public nuisance; but, if he sustains an individual or specific damage in addition to that suffered by the public, he may sue to have the same abated if the remedy at law is inadequate.—*Rosser v. Randolph*, 7 Port. 238, 31 Am. Dec. 712; *Columbus v. Whiterow*, 82 Ala. 190, 3 South. 23; *Georgetown v. Alexandria Canal Co.*, 12 Pet. (U. S.) 91, 9 L. Ed. 1012; 3 Notes U. S. Rep. 710; *State of Penn. v. Wheeling B. Co.*, 13 How. (U. S.) 518-564, 14 L. Ed. 249; *In re Debs*, 158 U. S. 587 et seq., 15 Sup. Ct. 900, 39 L. Ed. 1092; *Jones v. Bright*, 140 Ala. 268, 37 South. 79. This proposition is not denied, but it is insisted that no special damage is shown in this case to the complainant below, and that if such damage is shown the remedy at law is adequate in a suit for damages. As to special damages, the rule is that the injury, to be special, must be one different in kind, and not mere degree, from that suffered by the general public from the act complained of.—*Bigley v. Nunan*, 53 Cal. 403; *Crowley*

*v. Davis,* 63 Cal. 461; *Decker v. E. S. & N. R. R. Co.,* 133 Ind. 493, 33 N. E. 349; *Gundlach v. Hamm,* 62 Minn. 42, 64 N. W. 50; High on Inunctions, § 589.

The situation shown by the bill is that the nuisance is the obstruction of the two streets bounding the complainant's block of land on the north and south, and extending directly into the city of Birmingham; the obstruction being two blocks distant in a westerly direction from complainant's property, and compelling all travel between his property and the city to take a circuitous route north or south of the two obstructed streets into other streets leading into the city, instead of pursuing the direct course along Second and Third avenues, which are the obstructed streets. So the question is whether forcing the owner of land out of his direct public street or road into a circuitous route in his commerce and intercourse with the outside world is a peculiar or special injury to him, not suffered by the general inhabitants of the state, county or city.—*Spencer v. London & Birmingham Co.,* 8 Sim. 198. The statement of the proposition seems to give the affirmative answer to the inquiry. If the direct and usual route of travel may be obstructed, there could certainly be no reason why the indirect routes might not also be closed one by one, until the unlawful and criminal invasion of public roads put the unfortunate owner's property in a *cul-de-sac,* compelling a day's time instead of a few moments of time, in going to business, church or market. An individual might be entirely inclosed, and the value of his property destroyed, without affecting the public. The injury is thus clearly individual and special. In the case of *State of Penn. v. Wheeling Bridge Co.,* 13 How. (U. S.) 518, 14 L. Ed. 249, the state of Pennsylvania entirely as an individual filed its bill to abate the obstruction by a bridge of a public waterway in the state of Virginia which interfered with the general commerce and travel feeding its connecting railroads and canals; and after elaborate consideration relief was granted on the ground that the bridge, though a public, was also a private, nuisance, on account of the special injury to the complainant. There can be no question that the obstruction of a route of communication

with the public community enjoyed by a property owner is a private or special injury, although it may be at the same time a public nuisance, entitling the injured party to appeal to a court of chancery for protection if the injury is substantial, and the remedy at law is not adequate.—13 How. (U. S.) 567, 14 L. Ed. 269; *Jones v. Bright,* 140 Ala. 268, 37 South. 79.

The only question, then, is whether or not the obstruction of the streets in this case could be fully and adequately remedied by an action at law for damages. This question seems to be precisely decided in the case of 13 How. 562, 14 L. Ed. 267, where the court, speaking of the obstruction of a public waterway changing the line of transportation over the complainant's railroad and canals, says: "This injury is of a character for which an action at law could afford no adequate redress. It is of daily occurrence, and would require numerous, if not daily, prosecutions for the wrong done; and from the nature of that wrong the compensation could not be measured or ascertained with any degree of precision. The effect (of the injury) would be, if not to reduce the tolls on these lines of transportation, to prevent their intercourse with the increasing business of the country." The obstruction of the streets in this instance is continuing, but may be temporary or permanent, and the injury to the complainant, whether embracing the present or prospective injury to his property, is entirely incapable of any precise measurement. These obstructions might direct the line of city development away from the plaintiff's property. There is thus no full, adequate, and complete remedy open to the plaintiff for his individual injury, save in this court.—*Roberts v. Mathews,* 137 Ala. 523, 34 South. 624, 97 Am. St. Rep. 56; *Cabbell v. Williams,* 127 Ala. 320, 28 South. 405; *Whaley v. Wilson,* 112 Ala. 627, 20 South. 922; *Jones v. Bright,* 140 Ala. 268, 37 South. 79; *City of Georgetown v. Alexandria Co.,* 12 Pet. (U. S.) 98, 9 L. Ed. 1012; *State of Penn. v. W. B. Co.,* 13 How. (U. S.) 567, 14 L. Ed. 269; *Stetson v. Faron,* 31 Am. Dec. 123, and note; *Sampson v. Smith,* 8 Sim. 272; *Spencer v. London & B. Co.,* 8 Sim. 193.

[Roman, as Trustee v. Long Distance Telephone & Telegraph Co.]

There was no error in the decree of the lower court, and therefore it is affirmed.

All of the justices concur, except WEAKLEY, C. J., not sitting.