# Sloss-Sheffield Steel & Iron Co.,
# v. McLaughlin.

### Bill to Abate a Nuisance.

#### (Decided June 1, 1911. 55 South. 522.)

1. *Nuisances; Public; Special Injury.*—Where the value of property abutting on a street is lessened by the dumping of slag in the street, whereby the owner of the property is compelled to take a more round about way in travelling from his property to the business section of the city, such property owner sustains a special damage, and may file bill to abate the nuisance; and in determining the question the court will not compare the injury to the complainant by the maintenance of the nuisance with the inconvenience and expense accruing to the respondent in having to remove the slag elsewhere.

2. *Same; Abatement; Adequate Remedy at Law.*—One suffering special damages on account of the maintenance of a public nuisance is not deprived of his right to have the same abated by bill because he has a right of action at law for damages resulting from the maintenance of such nuisance.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mrs. Mary McLaughlin against the Sloss-Sheffield Steel & Iron Company to abate a nuisance occasioned by the piling of slag in a street. Decree for complainant, and respondent appeals.

TILLMAN, BRADLEY & MORROW, for appellant. The first question to be considered is whether a general averment of mere circuity of route to reach complainant's property is sufficient to give the bill equity for injunctive relief, whether the circuity be great or small, or whether it be a slight or considerable inconvenience. We insist that such an averment is insufficient.—*Sloss-Sheffield Steel & Iron Co. v. Johnson,* 147 Ala. 384; *Keller v. Atchison R. R. Co.,* 28 Kan. 624; *Dantler v. I. U. S. R. R. Co.,* 34 L. R. A. 769; see also 59 Am. St. Rep.

795, 40 Am Rep. 598, 57 L. R. A. 282; 7 Cush. 254; 23 L. R. A. 392; 14 L. R. A. 822; 16 L. R. A. 591; *Albes v. So. R. R. Co.,* 51 South. 327; *Jackson v. B. M. & F. Co.,* 154 Ala. 464; *Hall v. A. G. & A. R. R. Co.,* 48 South. 365. Counsel insist that the decisions relied on and cited as upholding the principles laid down in *Sloss-Sheffield Steel & Iron Co. v. Johnson supra* are not applicable to the case made by the averments of the bill then under consideration and they cite and discuss the cases therein cited and ask a reconsideration of said case. They further insist that the averment that the obstruction consisted of a large pile of slag, shows a permanent obstruction in the street, thus affording to the complainant an adequate remedy at law in one suit. —*Dennis v. M. & M. R. R. Co..* 137 Ala. 567; *Bowling v. Crook,* 104 Ala. 130.

TOMLINSON & MCCULLOUGH, for appellee. The owner of private property abutting on a street is entitled to have a public nuisance abated as one suffering special damages therefrom, who is compelled to take a circuitous or roundabout way along other streets in traveling between his property and the markets and intercourse with the outside world by reason of the stopping up of the abutting streets by dumping slag therein.—*Sloss-Sheffield Steel & Iron Co. v. Johnson,* 147 Ala., page 384. A right to maintain a public nuisance cannot be acquired by prescription and a private person is not estopped at any time to maintain a bill in chancery to have said public nuisance abated.—*Richards v. Dougherty,* 133 Ala. 569; *Whaley v. Wilison,* 112 Ala. 627; *Mayor and Aldermen of Birmingham v. Land,* 137 Ala. 538.

SAYRE, J.—Appellee filed her bill to abate a nuisance, a slag pile, deposited by the appellant so as to

cover and obstruct all passing along two adjacent and parallel public streets leading from complainant's property, which fronts on both streets, to the business center of the city of Birmingham.  The facts alleged are in every substantial particular the same as in the case of *Sloss-Sheffield Co. v. Johnson,* 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89.  Showing her damage, to quote the bill, "complainant alleges that by reason of the obstruction of said portions of said avenues, and by reason of the more circuitous route therefrom necessary to be taken to approach her property, the value of her property is greatly impaired and injured, and she suffers thereby a special and particular damage beyond that suffered by the public in general by the obstruction of said portions. of said avenues."  An identical averment was contained in the bill in the *Johnson Case.*  Counsel for appellant, criticising the decision in that case, and asking some recession therefrom, seem to treat it as placing the equity of the bill upon the mere fact that the obstruction there complained of drove complainant to a circuitous way, seeming to overlook the averment that the circuity of way was such as to greatly impair the value of complainant's property; but this last-mentioned averment was of material consequence, as going to show that complainant had suffered injury peculiar to herself, that is, injury in kind and degree different from that suffered by the public (*Walls v. Smith,* 167 Ala. 138, 52 South. 320), and it is entirely clear that such was the hypothesis of the court's conclusion that the bill contained equity.  In this view of the case the question hardly requires further discussion.  The mere circuity of travel caused by the obstruction is an inconvenience suffered in common by the complainant and all others having occasion to approach her property

along these streets. But if the value of complainant's property has been diminished, that is an injury different in kind and degree from any suffered by the general public. True, it is to be gathered from the bill that the obstruction requires complainant to go only one block out of the way in passing between her property and the main parts of the city, and it may be that these blocks are of no very great length, for their length is not shown; but the averment is that this situation results in a depreciation of the value of her property. In the practical solution of questions of this kind, everything depends upon how far the obstruction may be away from complainant's property, what may be on the other side, and, in short, upon the relations developed by use between complainant's property and the transobstruction country. If complainant's property has been injured and its value diminished, as she alleges, she is entitled to the law's protection against the invasion of her rights, and the quantum of interest involved on her side will not, in favor of a wrongdoer, be weighed in scales too gross, nor can we afford to let her go without remedy because the detriment to her property involved in the maintenance of the obstruction may be small in comparison with the inconvenience and expense that will come to defendant if it shall be required to deposit its slag at another place where it lawfully may.

Appellant also insists that complainant appears to have an adequate remedy at law and that she ought to be relegated to the law forum. The same argument, rested upon the same authorities now cited, was made in *Johnson's Case, supra.* Appellant quotes this language from the case of *Dennis v. M. & M. Ry. Co.,* 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69: "For an injury to real property of a permanent character, with-

out other special damage, the depreciation of the market value of the land furnishes the measure of damages, and such damages are, in a case proper in other respects, recoverable in a single action at law." In that case the complainant's real grievance was, not merely that the street had been obstructed, but that it had been vacated. There is a difference between obstruction and vacation. The one has no authority of law; the other has. The one is a nuisance; the other is not. In the *Dennis Case* the court argued that if it should be assumed that the city council, under whose authority the defendant there acted, was without power to authorize the erection of the warehouse on the part of the street, yet the obstruction was permanent, the defendant able to answer, and complainant had an adequate remedy at law. Just why that structure, if it had no authority of law, should have been considered permanent, does not appear. Whatever may have been the reasons for that conclusion, in the case at bar the alleged obstruction put by defendant in the streets need not be permanent. It is without authority of law. It is in fact and in law abatable. No doubt, if the complainant had recovered a judgment against the defendant for damages on account of the nuisance alleged, and had laid her damages at the whole injury to her property, past and prospective, she would be estopped to deny the adequacy of her legal remedy; for it would seem clear that if a person has suffered injury from a nuisance, which he has elected to treat as permanent by suing for and recovering damages which it will cause in the future, he ought not to be permitted to recover in successive suits damages by piece-meal for which he has had compensation in solido, or to have other relief which must proceed upon the theory that complainant has not been fully compensated for the wrong and injury done.—*Sloss-*

[Harris, et al. v. Cosby, et al.]

*Sheffield Co. v. Mitchell,* 161 Ala. 278, 49 South. 851. Still the plaintiff in such a case has not had a full, adequate, and complete remedy; for he is entitled to have, not only the value of his property as it was, but to have the unimpaired and undisturbed use of it and of the street in connection with it. If, then, the owner refuses to treat as permanent a nuisance which is in law and in fact abatable, he can have no adequate redress at law; for he would be put to repeated suits, and his compensation could not be measured and ascertained with any degree of precision. We see, therefore, no occasion for a withdrawal of anything said in the *Johnson Case.*

Appellant suggests some other considerations, but they are not based upon averments to be found in the bill, and cannot be brought into the case on this appeal. The chancellor's decree overruling the demurrer was correct.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.