# Alabama Great Southern Railroad Co. v. Barclay.

## Bill to Abate a Nuisance.

(Decided May 9, 1912.　59 South. 169.)

1. *Highways; Obstruction; Abatement.*—A private individual suffering no damage different from that sustained by the public at large cannot sue to abate an obstruction of the highway, but if as an individual he sustains an individual or special damage in addition to that suffered by the public at large, he may sue to have it abated, if the remedy at law is inadequate.

2. *Municipal Corporations; Obstructing Streets; Special Injury; Averment.*—A bill averring that a railroad has obstructed a street by the erection of a fence across it, and the placing of shops and buildings thereon so as to cut off all direct communication from plaintiff's property with a portion of the city, as well as from the railroad terminal station, except by a circuitous route through a neighborhood of 'bad repute, or by going a long distance to another street, makes the case of injury to the complainant individually and specially, different from that suffered by the public at large, continuous in its character, and for which he could not recover adequate damages at law, and hence, entitles him to a suit to have the nuisance abated.

3. *Same; Right of Individual.*—It is not essential that the property of a private owner should abut upon the obstructed portion of the street to enable him to sue to abate the obstruction of a public highway as of special injury to him.

4. *Nuisances; Private Persons; Parties.*—The right of actions for damages for the creation of a nuisance accrues to the owner of the land at the time of its creation, and does not pass to his vendee.

5. *Same.*—The acquiesence of a complainant's vendor in an act of defendant constituting a public nuisance, is no defense to complainant's action to enjoin the nuisance.

[Alabama Great Southern Railroad Co. v. Barclay.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by John W. Barclay against the Alabama Great Southern Railway to abate a nuisance. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill alleges that plaintiff is the owner of certain real estate in Birmingham, which is described, and it is alleged that it fronts on the south side of Avenue D, and runs back along the east side of Twenty-Sixth street 140 feet; that said Twenty-Sixth street is a public street in the city of Birmingham, and is so dedicated to the public, as is shown on the map and plat of said city, and runs through many blocks of said city, to wit, 20 blocks, running from South Highlands to North Highlands, and running by and along the block by complainant's said property as above described, and that the owners of property and the public generally have a right of passage along such street, and along said street to have access to their property. It is further alleged that the street runs directly from complainant's property to the railroad terminal station located in the city of Birmingham, to which station nearly all the trains entering said city come and stop. Defendant, notwithstanding these facts and the right of abutting property owners and the public to have said street kept open and unobstructed for the purpose of travel, the Alabama Great Southern Railway, has obstructed a large portion of said Twenty-Sixth street lying just north of its intersection with Powell avenue in said city, and just north of the track of the Southern Railway, which runs along Powell avenue, or which would be Powell avenue, if extended, and still continues to obstruct said portion of Twenty-Sixth street, and to exclude the public and abutting property owners, and

[Alabama Great Southern Railroad Co. v. Barclay.]

using said portion of said street as and for a public highway. The obstruction is alleged to be the erection of a fence along said highway and across it, and by the erection of shops and buildings thereon. The obstruction to plaintiff's property is alleged to be such that parties desiring to go northward into other portions of the city of Birmingham, and especially to that portion where is located the said terminal railroad station, may not go by direct course along said Twenty-Sixth street, but must go by circuitous route, either by going to some other street westward, such as Twenty-Fourth street, which is a neighborhood of bad repute, or by going a long distance eastwards to Thirty-Second street. It is then alleged that on this account plaintiff's property is rendered less valuable, etc. It is then alleged that this obstruction is being maintained by the respondent with full knowledge that this is a public street or highway, and that it will be continued to the exclusion of all persons who have a right to go along there, and that the respondent will not remove or abate said nuisance, unless compelled to do so by this honorable court. The demurrers were that the bill was without equity, that the descriptions were uncertain and indefinite, that no special damages are alleged as shown, and that the bill shows that the complainant is not entitled to relief, because he is not shown to be an abutting owner, or that his property abuts on that part of the street which it is alleged was obstructed.

A. G. & E. D. SMITH, for appellant. The right of action does not pass with the property for the creation of a nuisance.—*Evans v. S. & W. Ry. Co.,* 90 Ala. 54. The court judicially knows that the A. G. S. Railroad was built and in operation before the city of Birming-

ham was ever begun, and that the city was laid off
from the middle line of the right of way of this company, and hence, no dedication is shown of Twenty-
Sixth street across the right of way, and tracks of respondent, and hence, the bill is without equity. The
bill fails to allege that the property of complainant
abuts on that portion of Twenty-Sixth street which is
alleged to be obstructed.—*Albes v. So. Ry.,* 164 Ala.
365; s. c. 55 South. 516; *Hall v. A. B. & A.,* 48 South.
365; *Walls v. Smith & Co.,* 52 South. 320. The bill
does not show that the complainant has not reasonable ways of ingress and egress, nor that the obstruction will reduce the value of the property or the rental
value thereof.—*Albes v. So. Ry.,* 153 Ala. 536; *Jackson
v. B'ham F. & M. Co.,* 154 Ala. 464; *Dennis v. M. & M.
Ry. Co.,* 137 Ala. 649. The bill fails to show irreparable injury, and also that complainant has not a complete and adequate remedy at law.—*Dennis v. M. & M.
Ry. Co., supra.*

JAMES A. MITCHELL, for appellee. The bill was entirely sufficient in all its aspects, and the court properly overruled demurrers thereto.—*Sloss-S. S. & I. Co.
v. Johnson,* 147 Ala. 384, and note thereto, in 8 L. R.
A. (N. S.) 226; *Sloss- S. S. & I. Co. v. McLaughlin,* 55
South. 522; *Duy v. Ala. Wes. R. R. Co.,* 57 South. 725.

ANDERSON, J.—The strictness of the rule as to
the right to maintain a private action growing out of
an obstruction to highways and navigable streams has
been considerably modified since the days of Lord Coke.
—Joyce on Nuisances, § 424. The doctrine now is, in
this and many other states, that a private individual,
who suffers no damages different from those sustained
by the public at large, has no standing in court; "but,

if he sustains an individual or specific damage in addition to that suffered by the public, he may sue to have same abated, if the remedy at law is inadequate."— *Sloss-Sheffield S. & I. Co. v. Johnson,* 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285, and authorities cited; *Sloss-Sheffield Co. v. McLaughlin,* 173 Ala. 76, 55 South. 522; *Duy v. Alabama Western Ry. Co.,* 175 Ala. 162, 57 South. 725.

As to when special damages are shown by the obstruction of a highway to a property owner on said highway, different in kind from those sustained by the general public, is a question not free from difficulty; but this court is committed to the rule that, if the obstruction forces the owner of the land out of his direct, public street or road into a circuitous route in his commerce and intercourse with the outside world, this is a special injury to him, not suffered by the general inhabitants of the state, county, or city.—*Johnson's Case, supra.* It may be true that the present bill does not set up facts showing as great an impediment to this complainant's egress from and ingress to his property as was charged in the *Johnson Case, supra,* but it does aver that all direct communication is cut off from his property with the northern portion of Birmingham, as well as from the Terminal Railroad Station, except by a circuitous route through a neighborhood in bad repute, or by going a long distance eastward to about Thirty-Second street. We think the bill not only makes out a case of injury to him individually and specially, but shows that it is continuous in its character and nature, and that he cannot recover adequate compensation in a court of law.

Nor is it essential for him to abut upon the obstructed portion of the street, in order to abate the nuisance.

[Alabama Great Southern Railroad Co. v. Barclay.]

It was held, in the cases of *Albes v. Southern R. Co.,*
164 Ala. 356, 51 South. 327, and *Southern R. Co. v.
Ables,* 153 Ala. 523, 45 South. 234, that the complain-
ant's lot had to be abutting that portion of the street
that was vacated in order to complain of the taking of
property by virtue of the said vacation, and in order
to invoke section 23 of the Constitution; but each opin-
ion holds that, as there was a legally authorized vaca-
tion of the street, the said vacation was not a nuisance.
It is true that the first opinion intimated that the in-
terference with the complainant's hotel and saloon bus-
iness would no doubt be a special injury which would
enable him to abate a nuisance, but this was merely
arguendo and was inapt, as a nuisance was not involv-
ed; and, while the bill was amended so as to aver an
interference with the complainant's hotel and saloon
business, the court on the second appeal put the bill out
of court—not upon the theory that said averments did
not show a special injury, but upon the ground that
whether the complainant suffered a special injury or
not made no difference, as the vacation was authoriz-
ed and was not a nuisance; and, in order for the com-
plainant to invoke the protection of section 23 of the
Constitution, his property had to abut on that part of
the street that was vacated.   To the same effect was the
holding in the case of *Jackson v. Birmingham Foundry
& Machine Co.,* 154 Ala. 464, 45 South. 660, except that
the rule was extended so as to include, not only one
whose property actually abutted on the vacated por-
tion of the street, but one whose property had been en-
tirely cut off from the outside world by said vacation.
The case at bar is not an attempt to invoke the Con-
stitution against taking property, but proceeds upon
the theory that the obstruction is a nuisance, and that
the complainant is affected thereby different in kind

9—178

from the general public; and the equity of the bill is supported by the authorities first above cited. Nor do we think that this holding is contrary to the case of *Dennis v. M. & M. R. R. Co.,* 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69, as the bill in that case does not seem to have invoked the inaccessibility of complainant's property, caused by the obstruction, but was based upon the diminution of the value of his lot, and the court held that he had a plain and adequate remedy at law. On the other hand, if said case is susceptible of a different construction, and holds that the interference with the owner's communication with the outside world is not a special injury, then it does not harmonize with the more recent cases on the subject.

It is unquestionably the law in this state that the right of action for the cause or creation of a nuisance accrues to the owner of the land at the time of the creation of said nuisance, and does not pass to his vendee. —*Huntsville v. Ewing,* 116 Ala. 582, 22 South. 984; *Evans v. S. & W. Ry. Co.,* 90 Ala. 54, 7 South. 758; *Matthews' Case,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; *L. & N. R. R. Co. v. Hill,* 115 Ala. 347, 22 South. 163. But this is not an action for damages caused by the creation of the nuisance, and is a proceeding merely to abate the nuisance. "The acquiescence of plaintiff's grantor in an act of erection of defendant constituting a nuisance is no defense to plaintiff's cause of action for an injunction against a continuance of the nuisance."—29 Cyc. 1232; *Learned v. Castle,* 78 Cal. 454, 18 Pac. 872, 21 Pac. 11. The complainant did not have to aver that he was the owner of his lots in question at the time the street was obstructed.

The bill avers that the obstruction is in a public street in Birmingham, and does not locate the said obstruction as being on respondent's right of way. If

this is not a public street, then the bill must fail for failure of proof, but it shows upon its face that said street is a public highway; and, whether we can or cannot take common knowledge of the fact that respondent's right of way is older than the streets of Birmingham, we are relieved from having to resort to same, because the bill places the obstruction in the street, and not upon the respondent's right of way.

There is an apparent conflict between the *Johnson* and *McLaughlin Cases, supra,* as to what constitutes a special injury, as distinguished from one suffered by the public generally; and, if said conflict is real, we prefer following the *Johnson Case.*

The decree of the chancery court is affirmed.

Affirmed.

DOWDEL, C. J., and SIMPSON, MCCLELLAN, and SOMERVILLE, JJ., concur. MAYFIELD and SAYRE, JJ., concur in the conclusion.