# South & North Ala. R. R. Co. *v.* Schauffler.

*Bill to Abate a Public Nuisance.*

(Decided November 7, 1914. 66 South. 502.)

*Highways; Obstruction; Nuisance; Bill by Individual.*—Where, by obstruction of a public street on account of a change of grade of a railroad track, an individual is caused to take a more circuitous route to and from portions of the city, such individual is entitled to relief in equity to abate the obstruction as a nuisance, although she does not own property abutting the obstructed portion of the street.

APPEAL from Cullman Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

Bill by Veronica Schaufler against the South & North Alabama Railroad Company, to abate a public nuisance, and incidentally, for damages. Decree for complainant and respondent appeals. Affirmed.

GEORGE H. PARKER, EYSTER & EYSTER, and STEINER, CRUM & WEIL, for appellant.

F. E. St. JOHN, for appellee.

MAYFIELD, J.—This is a bill by an individual to abate a public nuisance, and incidentally to have a decree for damages in consequence thereof. The nuisance alleged is the obstruction of a public street, by changing the grade of the railroad track where it crosses the street. Plaintiff lives upon and owns property abutting the street obstructed, but not abutting the obstructed portion. It is alleged that the obstruction causes plaintiff to take a more circuitous route to and from portions of the city of Cullman, and that she suffers damages in consequence thereof. There was demurrer to the bill, for want of equity, in that no

[South & North Ala. R. R. Co. v. Schauffler.]

injury was shown different in kind from that suffered by the public. The demurrer was overruled, and respondent appeals.

The equity and sufficiency of bills for this purpose have been frequently before this court. The judges have been very much divided in opinion on the subject, and for that reason the questions have been thoroughly considered by the full court on several occasions. The writer has on several occasions dissented from the majority opinion in cases like the one under consideration and in actions at law to recover damages for public nuisances; but the majority of the court have repeatedly held that bills like the present could be maintained, and that circuity of route, caused by the obstruction of a public highway, is an injury or inconvenience sufficient to give equity to a bill by an individual to abate a public nuisance such as the obstruction of a public highway. He feels that no good can be accomplished by further dissent, and he therefore yields to the views of the majority.

Under the decision and opinion in the case of *Alagama Great Southern Railroad Co. v. Barclay*, 178 Ala. 124, 59 South. 169, and those in other recent cases, the decree of the chancellor must be affirmed.

It is argued by appellant that the bill does not allege that the obstruction was unauthorized or unlawful. Counsel are mistaken in this, as the bill does expressly allege that the obstruction was unauthorized and unlawful.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.