**STACK v. TENNESSEE LAND CO. et al.**
(6 Div. 700.)

(Supreme Court of Alabama. April 5, 1923. Rehearing Denied May 10, 1923.)

**1. Dedication** ☞19(5)—**Buyer of lots sold by reference to plat held to acquire rights in ways designated thereon.**

Where land is platted and lots sold with reference thereto, the plan or scheme indicated on the plat is regarded as a unit, and all who buy acquire a right in all public ways designated thereon, and may enforce the dedication.

**2. Dedication** ☞23—**Substantial compliance with statute necessary to constitute dedication.**

In order to constitute a valid statutory dedication there must be a substantial compliance with the statute.

**3. Municipal corporations** ☞657(1)—**Vacation of streets under statute applicable only to streets subjected to statutory dedication by compliance with Code.**

The vacation of streets under Code 1907, § 6032, has reference to streets which have been the subject of statutory dedication by compliance with the required sections.

**4. Dedication** ☞26—**Recordation of plat held insufficient as street dedication.**

Where plats recorded in 1877 were not certified by the surveyor, nor was surveyor's certificate signed or acknowledged by the owner as provided by Code 1907, § 6029, but contained only a certificate of the probate judge disclosing that it was filed.and properly recorded, such record was not sufficient as a statutory dedication.

**5. Dedication** ☞53, 64—**Dedication of streets not defeated by inadaptability of land to use.**

A dedication of land as a street cannot be defeated by considerations going to the relative adaptability of the land to that use, nor to the difficulties in subjecting it to such use in point of fact, or to the extent of the use to which it will be subjected, when its natural obstructions have been removed, or even to the necessity so to use it at all.

**6. Injunction** ☞11 — **Symbolical closure of street held sufficient to give right to enjoin vacation.**

In suit to enjoin vacation of a street, where there had been a symbolical closure of two streets by a high embankment, and other streets had been attempted to be vacated, a case for relief was made.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by N. B. Stack against the Tennessee Land Company, the Tennessee Coal, Iron & Railroad Company, and the Birmingham Southern Railroad Company, to declare void an attempted vacation of streets and avenues, and to enjoin the placing of obstructions therein. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Edward T. Rice, of Birmingham, for appellant.

The sale and purchase of lots with reference to the said Collins & Johns survey irrevocably dedicated the streets, avenues, and alleys shown thereon. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 South. 716; Rudulph v. Birmingham, 188 Ala. 620, 65 South. 1006; Smith v. Opelika, 165 Ala. 630, 51 South. 821; S. & N. A. R. Co. v. Davis, 185 Ala. 193, 64 South. 606; Gadsden v. Strother, 172 Ala. 56, 55 South. 189; Rudulph v.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
209 ALA.—29

Elyton, 161 Ala. 525, 50 South. 80; Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; Demopolis v. Webb, 87 Ala. 659, 6 South. 408; Reed v. Birmingham, 92 Ala. 339, 9 South. 161; East Birmingham Realty Co. v. Birmingham Machine & Foundry. Co., 160 Ala. 461, 49 South. 448. The map of Collins & Johns survey, filed in the probate office on June 23, 1887, did not constitute a statutory dedication, and is not governed by section 6032 of the Code of Alabama of 1907, or its progenitor, the act of February 26, 1889 (Acts 1889, p. 53), relating to vacation of maps. Smith v. Birmingham Realty Co., 208 Ala. 114, 94 South. 117; Code 1907, §§ 6028–6033; Acts 1899, p. 53; 2 Dillon on Mun. Corp. § 628; 1 Elliott on Roads & Streets (3d Ed.) § 123; 18 C. J. 67; Waltman v. Rund, 109 Ind. 366, 10 N. E. 117; L. & N. R. Co. v. Mauter, 203 Ala. 237, 82 South. 487; Corbin v. B. & O. R. Co., 285 Ill. 439, 120 N. E. 800. The attempted vacation of the plat, "itself a symbolic closure of the streets involved," and the obstructions alleged, whether the disturbance be partly accomplished or only threatened, gives the bill equity. Sloss-Sheffield S. & I. Co. v. Johnson, 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; A. G. S. R. R. Co. v. Barclay, 178 Ala. 124, 59 South. 169; S. & N. R. R. Co. v. Shauffler, 189 Ala. 58, 66 South. 502; Duy v. Western Ry., 175 Ala. 162, 57 South. 724, Ann. Cas. 1914C, 1119; Sloss-Sheffield S. & I. Co. v. McLaughlin, 173 Ala. 76, 55 South. 522; L. & N. R. R. Co. v. Mauter, 199 Ala. 387, 74 South. 932.

Percy, Benners & Burr and E. J. Smyer, all of Birmingham, for appellees.

For an obstruction of a public and common right of way, no private action will lie, unless it be alleged that the plaintiff has thereby suffered injury peculiar to himself, and the remedy at law is inadequate. Walls v. Smith, 167 Ala. 142, 52 South. 320, 140 Am. St. Rep. 24; S.-S. S. & I. Co. v. McLaughlin, 173 Ala. 76, 55 South. 522; Jones v. Bright, 140 Ala. 268, 37 South. 79; S.-S. S. & I. Co. v. Johnson, 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; Jackson v. Birmingham M. & F. Co., 154 Ala. 464, 45 South. 660; Whaley v. Wilson, 120 Ala. 502, 24 South. 855; Sou. Ry. v. Ables, 153 Ala. 523, 45 South. 234; Dennis v. M. & M. Ry. Co., 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69. The appellant did not own property abutting the streets vacated or obstructed, and he had no property right or interest therein. Albes v. Sou. Ry., 164 Ala. 356, 51 South. 327; A. G. S. v. Barclay, 178 Ala. 130, 59 South. 169. The vacation was legal and valid. The map was recorded under the provision of the law. The case of Smith v. Birmingham Realty Co., 208 Ala. 114, 94 South. 117, is without application, and is erroneous in the construction of section 6032 of the Code. Code 1907, §§ 6028,

6029; Sunflower Lbr. Co. v. Turner Supply Co., 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; Lehman-Durr & Co. v. Robinson, 59 Ala. 233; Ex parte Dunlap, 71 Ala. 73; Stewart v. L. & N. R. Co., 83 Ala. 497, 4 South. 373; Jackson v. Derrick, 117 Ala. 348, 23 South. 193; Lindsay v. U. S. Sav. & Loan Co., 127 Ala. 366, 28 South. 717, 51 L. R. A. 393; Sou. Ry. v. Smith, 163 Ala. 174, 50 South. 390; E. T. V. & G. R. Co. v. Hughes, 76 Ala. 592; State ex rel. v. McGough, 118 Ala. 166, 24 South. 395.

GARDNER, J. The owners of two certain 40-acre tracts of land had the same surveyed and subdivided into town lots, with appropriate streets and avenues, and the plat or map thereof recorded in the probate office. These two 40-acre tracts adjoin, and are referred to in the present record as the east and west forty, and were divided by what was called by the witnesses Forty-Eighth street and designated on the map Orpheus street. The subdivided property is referred to as the Collins and Johns survey. This property was originally located in the corporate limits of what was once known as Wylam, but now embraced within the corporate limits of the city of Birmingham.

Numerous lots were sold to various purchasers according to this survey, and with reference thereto in the deeds of conveyance. There are but few houses located in either of these tracts; considerably more, however, in the east 40 than in the west. Immediately west of the Collins and Johns survey are two surveys embracing less than 20 acres of land, one called Minneville and the other the Hilton, upon which are located a few houses, and unsubdivided lands of the defendant are to the south and west of the Collins and Johns survey.

From 1890 to 1918 the defendant Birmingham Southern Railroad Company operated a railroad through the west 40 of this survey and near its western side, and in this latter year some of the defendants took over this road and constructed two new railroads near the western border of this west 40, one of these roads being built on a fill estimated from 10 to 20 feet in height. In so far as these roads passed along or across the streets of the city of Birmingham they were constructed pursuant to a franchise from that city, but no interference with the public as to any streets was thereby contemplated. About the time of their construction the defendant had acquired all the lots in the west 40, and, with the consent of the city authorities, filed an instrument of vacation of most of the streets and avenues in this 40. The railroad embankment just referred to lies directly across Thirteenth or Jupiter avenue, rendering the same impassable to the public.

Complainant is the owner of a large number of lots in the east 40 of this survey, and

files this bill seeking to have the vacation of the streets and avenues, filed by defendants, declared null and void, and that defendant be required to remove the obstruction across said streets and avenues, and be enjoined from placing any further obstruction in or across said streets or avenues, and from closing the same in accordance with the declaration of vacation, or otherwise interfering with the free use of such streets and avenues for travel by complainant and the public.

The complainant insists that the vacation of these streets and avenues does not leave him convenient means of ingress and egress to the property located west of this survey, but that such a vacation will force him from his direct western route, theretofore enjoyed by him, into a circuitous route. It is established by the overwhelming proof, if, indeed, it is not without contradiction, that the vacation of these streets and avenues would require such circuitous route to the property west of this survey, such as Minneville and Hilton, variously estimated from a fraction over a mile to 2½ miles. A. G. S. R. R. v. Barclay, 178 Ala. 124, 59 South. 169; S. & N. R. R. Co. v. Schauffler, 189 Ala. 58, 66 South. 502. Complainant's property lies in the east 40, and is about a quarter of a mile from where Thirteenth or Jupiter avenue is obstructed by the railroad embankment; nor does his property abut any of the streets or avenues embraced within the vacation declaration.

The answer denies that the complainant will be materially inconvenienced, sets forth the distance of his property from the streets and avenues here involved, and that the declaration of vacation was in all respects as required by law.

The map of the Collins and Johns survey, which was filed in the probate office of Jefferson county on June 23, 1887, was offered in evidence, the only certificate appearing thereon being that of the probate judge, to the effect that the same had been filed for registration and duly recorded. The sale and purchase of lots with reference to the Collins and Johns survey irrevocably dedicated to the public the streets and avenues shown thereon. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 South. 716; Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62; Demopolis v. Webb, 87 Ala. 659, 6 South. 408; Rudolph v. City of B'ham. 188 Ala. 620, 65 South. 1006.

[1] In Highland Realty Co., supra, this court, speaking to the effect of platting land and selling lots with reference thereto, unqualifiedly approved the rule stated by Mr. Elliott (1 Elliott on Roads and Streets, § 132), in substance, that the plan or scheme indicated on the plat is regarded as a unit, and all who buy with reference to such general scheme acquire a right in all the public ways designated thereon, and may enforce the dedication. Commenting upon this rule, the court said:

"Not only is this the rule of reason and justice, but, as shown by the author's citations, it is supported by a great preponderance of authority. * * * This right is not merely a right of personal passageway over the designated streets, or of access to and from the purchased lot, but is a right in the purchaser to have maintained, as against the dedicator, the designated scheme of public ways and places in its integrity, as it existed at the time of his purchase, and that all persons whatsoever may use them as occasion may require. Zearing v. Raber, 74 Ill. 409; Earl v. Chicago, 136 Ill. 285, 26 N. E. 370; Collins v. Land Co., supra, 128 N. C. 563. The right is wholly distinct from the right of the purchaser as against the public, or the right of the public as against the dedicator, and is founded on the estoppel of the deed."

Upon this question there exists a contrariety of judicial opinion, illustrations of which are to be found cited in the note to Douglass v. Balknap Springs Land Co., 76 N. H. 254, 81 Atl. 1086, 37 L. R. A. (N. S.) 953.

In the Highland Realty Co. Case, supra, this court followed the line of authorities holding to the foregoing view, and directed attention to the fact that, while the private rights of such purchasers had been theretofore recognized in our decisions, yet their specific character and precise extent had not been previously determined. Such was therefore the deliberate holding of this court in an appropriate case, well supported by convincing authorities, and we adhere thereto.

[2] Nor do we think the vacation proceedings valid. In the recent case of Smith v. B'ham Realty Co., 208 Ala. 114, 94 South. 117, we had occasion to deal with sections 6028–6034 of the Code of 1907 and the act of February 26, 1889 (Acts 1888–89, p. 53), and in this connection we have also considered the act of February 28, 1887 (Gen. Acts 1886–87, p. 93), all having reference to the question of statutory dedication of lands subdivided into lots by the recordation of the plat or map, and its subsequent vacation in whole or in part. In the Smith Case, speaking to the foregoing sections of the Code, the court said:

"It is impossible to read the original act without reaching the conclusion that the procedure provided by it for the vacation of maps, plats, or surveys contemplated only maps, plats, and surveys made and recorded after the manner of the fore part of the act."

There are two general kinds of dedication, statutory and common-law dedication. The general rule is that, in order to constitute a valid statutory dedication, there must be a substantial compliance with the statute. 1 Elliott on Roads and Streets, 123; 18 Corpus Juris, 66.

In Corbin v. Balt. & Ohio, Chicago, etc., Co., 285 Ill. 439, 120 N. E. 800, it was point-

ed out that the statutory provision for vacating a dedication is not applicable to a common-law dedication. Such was the effect of the holding of this court in the Smith Case, supra, as well, also, L. & N. R. R. Co. v. Mauter, 203 Ala. 237, 82 South. 487, wherein it was said:

"By the same token petitioner has failed to show, either by explicit averment or by proof, that it has ever been in a position to exercise statutory power in the vacation of any dedication to public use of so much of First street as lies across its right of way."

[3] We have re-examined section 6032 of the Code in connection with the foregoing acts, and in the light of the able argument of counsel for appellees in reference thereto, but we are nevertheless persuaded that the vacation of the streets or avenues therein provided for had reference to those streets or avenues which had been the subject of statutory dedication by virtue of compliance with the preceding sections of the Code.

It is to be noted that in the preceding section it is provided that, when the plat or map substantially conforms to the requirements therein noted, and is properly recorded, it is held to be a conveyance in fee simple of such portion of the premises platted as are noted thereon, donated or granted to the public; and in the original acts it cannot be questioned that the succeeding provision in reference to a vacation of such streets or alleys relates only to such maps or plats, and we do not think, as said in the Smith Case, supra, that a material change in this respect was intended by a change in the language as found in section 6032 of the Code. Indeed, a common-law dedication did not meet the opening words of this section, "Any street or alley dedicated by any map, plat or survey." We therefore adhere to the holding in the Smith Case, supra.

The plat or map of the Collins and Johns survey, recorded in 1887, was not certified by the surveyor, nor was the surveyor's certificate "signed by the owner, his duly authorized agent and attorney," or "acknowledged by such owner, agent or attorney." These are the requirements of section 6029 of the Code of 1907, substantially the same as have been required since the act of February 27, 1887. These statutes required that such plat or map, together with the certificate of the surveyor and the acknowledgment of the owner, shall be recorded in the office of the judge of probate of the county in which the land is situated.

[4] The plat here in question, as previously pointed out, contains only a certificate of the probate judge, disclosing that it was filed and properly recorded. The authorities hereinbefore cited clearly show that the recordation of such a plat or map did not suffice as a statutory dedication. It follows, therefore, that the attempted vacation of these streets and avenues was void, and is consequently no impediment to complainant's relief.

[5] The argument that many of these streets and avenues have never been put into actual use is answered by the following language found in Webb v. Demopolis, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62:

"But aside from all this, a dedication of land as a street can in no case, in our opinion, be defeated by considerations going to the relative adaptability of the land to that end, or to difficulties of subjecting it to such uses in point of fact, or to the extent of the use to which it will be subjected when its natural obstructions have been removed, or even to the necessity to so use it all."

And also by the following quotation, which met the approval of this court on the former appeal of the Webb Case (City of Demopolis v. Webb, 87 Ala. 659, 6 South. 408):

"Though it may be true that the way or street had no actual existence when the conveyance under which it is claimed was made, we think it had nevertheless what may be called a potential, or prospective existence, which would become actual whenever the place for it should be filled and incorporated with the upland; and though the conveyances, when executed, may have been ineffectual to create the way or street, because the site of it was flowed by tidewater, yet we think they were binding by way of estoppel on parties and privies, so that, in equity, at least, the said parties and privies could not refuse to allow the way or street as soon as the land designated for it became capable of supporting it. 'The ground of the estoppel', said the court, 'is, that the easements and servitudes indicated by the plat constitute a part of the consideration for which all the conveyances referring to the plat were made; and therefore no person, while claiming under the conveyances, can be permitted to repudiate them, or to deny that they exist where they are capable of existing.' "

Complainant's right to relief, under the facts here disclosed, rests upon the theory of estoppel, and is determined upon different principles from those found stated in the cases cited by counsel for appellees—among them Walls v. Smith, 167 Ala. 142, 52 South. 320, 140 Am. St. Rep. 24; S. S. S. & I. Co. v. McLaughlin, 173 Ala. 76, 55 South. 522; Jones v. Bright, 140 Ala. 268, 37 South. 79; Jackson v. B'ham Mach., etc., Co., 154 Ala. 464, 45 South. 660; Whaley v. Wilson, 120 Ala. 502, 24 South. 855; S. S. S. & I. Co. v. Johnson, 147 Ala. 385, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285.

[6] The proof shows that Thirteenth and Jupiter avenue has been closed to the public by a high embankment, and that the other streets and avenues in the west 40 of this survey have been attempted to be vacated by the respondents, which, as held in Highland Realty Co. v. Avondale Land Co., was in itself "a symbolic closure of the streets

involved." Complainant has therefore shown himself entitled 'to relief.

The decree dismissing the bill will be here reversed, and the cause remanded to the court below to the end that a decree be there entered in conformity with the views expressed in this opinion.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.