JONES, Justice.
This is an appeal from an adverse declaratory judgment holding that Appellant State of Alabama is required to purchase the right of way across Appellees’ property.
The State of Alabama filed a declaratory judgment action after a dispute arose concerning whether the State had previously acquired a right of way across Jeanette W. Wright’s and W. T. Weathers’s property. The State contends that the disputed property, situated between the fronts of Wright’s and Weathers’s homes and the present highway, had been dedicated for roadway purposes by virtue of a plat located in the tax assessor’s office in the Randolph County Courthouse. Wright and Weathers claim that the plat did not dedicate the disputed property; thus, the State would be required to pay for any of their property taken for a right of way.
Under the “Argument” section of his brief, Appellant’s counsel summarizes the issue and candidly states the government’s burden in challenging the trial court’s resolution of that issue:
“The real and only issue before this Court is whether the State will have to compensate Weathers and Wright for the land embraced within their front yards through which a new portion of U. S. Highway 431 is being constructed. If the Court holds that the plat in question did not dedicate the streets and alleys as shown on the plat for right of way purposes, then the State must pay Weathers *796 and Wright for acquisition of the property shown on the plat as a street. If the Court holds that the plat dedicated the streets and alleys shown on the plat for public right of way purposes, then the State will not have to compensate Weathers and Wright for the right of way over the property in question.
“The fact that the Randolph County Courthouse burned in 1897 greatly complicates the matter before the Court. The length of time and subsequent death of persons since this time further complicates the matter in trying to decide whether the statutory requisites for dedication of the right of way in question have been complied with.
“The only means by which the State of Alabama could possibly show a statutory dedication of the land in question would be by calling the Probate Judge of Randolph County who was serving in the 1800’s or early 1900’s when the plat in question first appeared in the Probate Office or by calling the original owners of the property in question for them to state their intent or by calling Mr. Pitman, the County Surveyor, who without doubt prepared the plat in question. Because all of these people have long since passed away, the State’s avenue to show a proper dedication would be through circumstantial evidence.”
Counsel then recites multiple circumstances tending to prove that the “Pitman Plat” meets the statutory requirements for public dedication of the right of way in question. These statutory requisites are prescribed by Code 1975, §§ 35-2-50, -51, -52, which have remained essentially unchanged since 1896.
Appellant aptly poses the statutory inquiries, and then argues the circumstantial evidence relative to each inquiry:
“1. Was the plat recorded in the Probate Judge’s office? The plat was removed from the Probate Judge’s office and was contained in a plat book found in the Probate Office which had been there for a number of years. The State contends that the plat in question was not just ‘lying around’ the Probate Office but had been received by the Probate Judge, placed in a plat book and marked as being recorded. The State contends that the Probate Judge or Office at the time this document was received would have recorded it according to the laws applicable at the time under the bound duty to do so.
“2. Was the plat certified by a survey- or as required by statutes? — Mr. Bartlette was greatly disturbed that someone in the last six months had removed the surveyor’s certification. He testified that the certification of the plat was the same as that on the certification of the plat of the Town of Woodland which was also prepared by the same surveyor, Mr. Pit-man. To the best of his memory it named Mr. Pitman as County Surveyor and certified, that it was a true and correct copy of the plat of the Town of 'Wedowee.
“3. Was this certified by the owner?— Mr. Barlett testified that he could not remember whether the owners’ signatures appeared on this plat. The owners’ certification, the State submits, was trimmed off when this plat was removed from Plat Book 1 to Plat Book 2. This could be the only logical inference since this plat has always been recognized by everyone as being the true and correct plat of the Town of Wedowee.
“4. Were the streets sufficiently defined and lots sufficiently identified to comply with the statutes?- — An examination of the plat reveals that the streets are set out, are presently located in the location described on the plat and lots referred to in the plat are in fact the size and in the location located on the plat.
“We submit that the State has offered every possible piece of circumstantial evidence to indicate that the plat had been properly, statutorily dedicated at the time it was originally placed in the Courthouse in Wedowee.”
Admittedly, considerable weight should be given to these circumstances as they relate to parties who acted with reference *797 to the “Pitman” survey here relied upon by the State. The validity of each of these cited circumstances, however, depends upon a common premise: that the “Pitman Plat” before the trial court is, in fact, a true and correct copy of the plat of the Town of Wedowee at a time pertinent to the title of these Appellees. Any inquiry that presupposes this premise begs the question, for this was the ultimate dispositive issue presented to the trial court.
Appellees are brother and sister, whose father was their common grantor; and his title predates any known existence of the “Pitman Plat.” The trial judge was not concerned with the common references and other usages of the “Pitman” survey; rather, his concern was whether the Appellees’ grant, referencing the plat of the Town of Wedowee, was a reference to the “Pitman Plat,” which is an unsigned, uncertified, and unrecorded copy of a survey whose known existence post-dates the Appellees’ grantor’s title. See Stack v. Tennessee Land Co., 209 Ala. 449, 96 So. 355 (1923).
Moreover, the deeds to Appellees’ father (dated 1896,1897, and 1903), while referring to lots 12 and 13 (the lots here in question) according to the plat of the Town of Wed-owee, also contain metes and bounds descriptions, referring specifically to the “westerly” boundary as being the public highway that fronts the property. Obviously, this description is at variance with the State’s “right of way” contention, according to the “Pitman Plat,” by approximately 100 feet.
We hold that the trial court did not err in finding that the State failed to meet its burden of proof with respect to the statutory dedication issue. Nor did it err in concluding that the evidence did not warrant a finding of the requisite intent of the Appel-lees, or their predecessor in title, to constitute a common law dedication of the alleged right of way.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.