# Cabbell *v.* Williams.

*Bill in Equity to enjoin Obstruction of Public Highway.*

1. *Obstruction of public road; right of abutting proprietor to maintain bill.*—Where, in a bill filed to abate as a nuisance an obstruction of a public road and to enjoin the defendant

[Cabbell v. Williams.]

from continuing such obstruction, it is averred that the obstruction complained of materially interferes with the egress from and ingress to the complainant's premises from the public road leading to the market town of the complainant, it is sufficiently shown by such averments that the complainant sustains a special damage different from that suffered by the general public, authorizing the maintenance of such a bill.

2. *Bill to enjoin obstruction of public road; sufficiency of averments as to dedication.*—Where, in a bill filed to have abated as a nuisance the obstruction of a public road and to enjoin the defendants from continuing such obstruction, it is averred that said road was dedicated by the owner of the land which it traverses, as a public highway, and was accepted by the public therefor more than forty years prior to the erection of the obstruction by the defendant, such bill is not subject to demurrer on the ground that it fails to aver the assent of the owner of the soil to the use of said road as a public highway, for a period of twenty years, or that it fails to aver that said road was used by the public adversely as a public highway for a period of twenty years; since the averments of the bill, as set forth, include the assent of the owner to the use of the road by the public, and there being averred a dedication and acceptance by the public, the rights of the public to the use of the road was not dependent upon its use for any length of time.

3. *Same; same.*—In such a bill where it is further averred that the dedication and acceptance by the public of the road in question took place more than twenty years prior to the purchase by the defendant of the lands traversed by said road, and upon which the obstruction was placed, such bill is not subject to demurrer for failing to aver that said defendant acquiesced in the use of said road as a public road; since the rights of the public having attached to said road, his dissent to the continued use thereof could not affect them.

4. *Same; same.*—In such a bill, it is not necessary to aver that the road in question which had been dedicated and accepted by the public, had ever been worked or kept up by the public; it not being necessary or proper to aver such evidential facts, and the mere fact of working or keeping up the road, not being the only act on the part of the public from which the acceptance may be inferred.

5. *Same; equity thereof.*—A bill to abate as a nuisance the obstruction of a public road and to enjoin the continuance of such obstruction, can be maintained in a court of equity, notwithstanding the obstruction of the public road is an indictable offense, and an action can be maintained against the offender, in favor of any person sustaining special damage by such obstruction.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellee, Polly Williams, against the appellant, Robert Cabbell, and sought to have the defendant enjoined from maintaining an obstruction of a public road. The facts averred in the bill are sufficiently stated in the opinion. The defendant demurred to the bill upon fifteen grounds. Those grounds of the demurrer, which are insisted upon by counsel for the appellant, and which are reviewed on the present appeal, were as follows: "2. Because the bill shows that it is filed by a private individual for the abatement of a public nuisance." "5. Because said bill is wit'iout equity in that it fails to aver the assent of the owner of the soil to the use of said road as a public highway for a period of twenty years." "9. Because said bill fails to aver that said road was used by the public adversely as a public highway for a period of twenty years." "10. Because complainant has an adequate, perpect and complete remedy at law." "14. Because said bill does not aver that said road has ever been worked or kept up by the public. 15. Because said bill fails to aver that the defendant acquiesced in the use of said road as a public road for any period whatever."

Upon the submission of the cause upon this demurrer, the chancellor overruled it. From this decree the defendant appeals, and assigns the rendition thereof as error.

J. T. COLLINS, JR., and DEGRAFFENRIED & EVINS, for appellant.—A private person has no right to abate a purely public nuisance, and in order to justify the abatement of a nuisance in the highway by a private person, there must be such special damage to him as would support an action for damages.—*Bridge Co. v. Smith*, 30 N. Y. 44; *Rogers v. Rogers*, 14 Wend. 131; *State v. Parrott*, 71 N. C. 311.

To sustain an action for special damage, from an obstruction of the highway, the plaintiff must prove some damage peculiar to himself, not suffered in common with the general public; different not only in degree, but also

in kind.—*Van Wagenen v. Cooney*, 45 N. J. Eq. 24; *Higbee v. Camden, etc. R. Co.*, 19 N. J. Eq. 276; *Zabriskie v. Jersey City, etc. R. Co.*, 13 N. J. Eq. 314; *Kuehn v. Milwaukee*, 83 Wis. 583; *Hartshorn v. South Reading*, 3 Allen (Mass.), 501; *Denver v. Mullen*, 7 Col. 345; *Beveridge v. Lacy*, 3 Rand. (Va.), 63; *Glaessner v. Anheuser-Busch Brewing Asso.*, 100 Mo. 508; *Taylor v. Portsmouth, etc. St. R. Co.*, 91 Me. 193. Under the allegations of the bill the complainant suffers the identical annoyance endured by the general public, and therefore under the decisions above quoted has no right to file this bill, and the demurrer should have been susta'ned. *City of Demopolis v. Webb*, 87 Ala. 667.

Where the dedication is based on the mere fact of user, it has been held that it becomes necessary to show that the user was adverse, that is with claim of right, and that the claim and user were uninterrupted for the required time.—2 Dillon on Municipal Corporations, § 500; *Remington v. Millard*, 1 R. I. 93; *Thayer v. Boston*, 19 Pick. 511; *Talbot v. Tait*, 30 Ind. 389; *Keyes v. Tait*, 19 Iowa, 123; *Detroit v. Company*, 23 Mich. 173; *Green v. Oaks*, 17 Ill. 249; *Smith v. State*, 3 N. J. Eq. 130. Dedication of a way to the public cannot be established by mere proof of long continued user.—*Torres v. Falgoust*, 37 La. Ann. 497. Must be adverse.—*Stewart v. Fink*, 94 N. C. 487; *State v. Purifoy*, 86 N. C. 681; *Kennedy v. Williams*, 87 N. C. 6; *State v. McDaniel*, Jones (N. C.), 284; *Boyden v. Achenback*, 79 N. C. 540.

Mere travel by the public is not evidence of acceptance. Must be worked or kept up by public also. *Sharp v. Mynatt*, 1 Lea, (Tenn.), 375; *Forbes v. Balensiefer*, 74 Ill. 182; *Harper v. State*, 109 Ala. 66; *McDade v. State*, 95 Ala. 28; *Miles v. State*, 20 Ala. 88; *Kennedy v. Williams*, 87 N. C. 6; *Spier v. Town of New Utrecht*, 24 N. E. Rep. 692; *State v. Eisele*, 33 N. W. Rep. 785; *Casey v. Tama County*, 37 N. W. Rep. 138; *Harriman v. Howe*, 28 N. Y. S., 858; 78 Hun. 280; *Hall v. City of St. Paul*, 57 N. W. Rep. 928; *People v. Osborn*, 32 N. Y. S. 358; 84 Hun. 441; *Cooper v. Monterey Co.*, 58 Pac. Rep. 106.

[Cabbell v. Williams.]

THOMAS E. KNIGHT, *contra.*—A public nuisance which specially and directly affects an individual may be abated on bill filed by that individual in his own name, and without suing·in the name of the State. And this is true whether redress is sought in a court of law or in equity, for as said by COLLIER, C. J., in the case of *The Mayor of Columbus v. Rodgers,* in 10 Ala. pp. 37-48: "Neither reason nor authority require a party to sue in the name of the State."—*The Mayor of Columbus v. Rodgers,* 10 Ala. 37; *Jones v. Black et al.,* 48 Ala. 540, 544; *Webb v. City of Demopolis,* 87 Ala. 659; 9 Johns. Ch. Rep. 439; 1 Green Ch. Rep. 57; 21 Pick. Rep. 344.

The bill is based upon the theory either of a right by prescription or a dedication. If the bill contains equity upon either phase of the case, the demurrer is bad. Aside from this, the averments of the bill are full and not open to the objection presented by this ground of demurrer.—*McDade v. State,* 95 Ala. 28; *Kennedy v. Williams,* 87 N. C. 6; *Steele v. Sullivan,* 70 Ala. 589; *Harper v. State,* 109 Ala. 66.

In the case of *Webb v. City of Demopolis, supra,* it is settled that a court of chancery will assume jurisdiction of a case like the present, and will abate the nuisance.

It is further decided in that case, and the correctness of the decision has never been doubted, that an appeal to the chancery court is the more orderly method of settling such disputes, being less apt to lend to breaches of the peace; and further, *that the remedy at law is inadequate* on the ground that one action, or even several, may not be sufficient to redress the plaintiff's grievances. *Webb v. City of Demopolis,* 87 Ala. 689; 52 Amer. Rep. 571; 34 Amer. Rep. 652; 68 Amer. Dec. 750.

TYSON, J.—Complainant's bill sought to have the defendant to remove two wire fences erected by him across a certain road for the purpose of preventing and obstructing the complainant and the traveling public from traveling along and over said road. It is averred in the bill that this road was originally dedicated by one Paul Cameron, the owner of the land which it traverses, or those under or through whom he held and acquired

the property, as a public highway and was accepted by the public more than twenty years prior to 1874 and more than forty years prior to the erection by the defendant of the wire fences across it. The bill further shows that the complainant acquired a title to a portion of the tract of land across which this road runs, through mesne conveyances from Cameron, and that the defendant also acquired another part of said tract directly from Cameron. It is also shown by the averments of the bill that a portion of the lands of the complainant and the defendant abut upon this road and are separated by it. The points at which, however, the obstructions are located are upon the defendant's lands. The bill expressly avers that these obstructions absolutely prevent the egress by the complainant from her dwelling to the public road, known as the Greensboro and Cedarville road, unless she goes through private lands belonging to others. The Greensboro and Cedarville road, it appears, is the only public highway accessible to the complainant leading to Greensboro, Ala., which is her market town.

It is unnecessary to set out the evidential facts averred in the bill to show a dedication and acceptance by the public, further than to say that a continuous use by the public of this road as a highway, for over thirty years before the obstructions were erected by the defendant, sufficiently appears.

Fifteen grounds of demurrer were assigned to the bill, which were overruled, and this appeal is prosecuted from that decree.

Only the second, fifth, ninth, tenth, fourteenth and fifteenth grounds are argued in the brief of appellant's counsel, and we will confine our consideration of the case to the questions raised by each of them.

The second goes to the right of the complainant to maintain the bill for failure to show any special damage sustained by her different from that suffered by the general public. In Elliot on Roads & Streets, 474, the rule on this subject is stated to be this: "It is a general rule, however, that no one can maintain an action for a defect or an obstruction in a highway unless he has suf-

[Cabbell v. Williams.]

fered some special or peculiar injury. The mere fact that he is, in common with all others who have occasion to use the way, delayed by an obstruction, will not ordinarily entitle him to damages, but diversion of custom from a shop or colliery by an obstruction in the highway will warrant a private action, and where one had started upon his journey, but was compelled to go back by reason of an obstruction, whereby he suffered loss, it was held that he had shown 'a peculiar damage' for which he was entitled to maintain an action. So, an abutter has a special interest in a highway giving him the right of access to his premises, and may maintain an action for an obstruction which cuts off his right of access."

It is contended by the appellant that under the averments of the bill the complainant suffers the identical annoyance and inconvenience endured by the public. In this we cannot concur. No other member of the traveling public is completely and exclusively cut off from the Greensboro and Cedarville road. The rights are only excluded from traveling the obstructed road, between the point where it intersects another road leading into the Greensboro road and the point where it enters the Candy's Landing road, a public highway leading to Candy's Landing, a public landing on the Warrior river. For aught that appears all the traveling public have access to both of these public roads without let or hindrance by other routes, except this complainant. This is a damage peculiar to the complainant, not suffered in common with the general public, different not only in degree but also in kind.—9 Am. & Eng. Encyc. of Law, 414; *Severy v. C. P. R. R. Co.*, 51 Cal. 194; *G. R. & I. R. R. Co. v. Heisel*, 38 Mich. 62; *Stone v. F. P. & N. W. R. R. Co.*, 68 Ill. 394; *C. & W. I. R. R. Co. v. Ayres*, 106 Ill. 511; *Crommelin v. Coxe & Co.*, 30 Ala. 318.

On the fifth and ninth grounds it is sufficient to say, that the bill expressly avers a dedication and an acceptance by the public. This averment *ex vi termini* includes the assent of the owner to the use of the road by the public—9 Am. & Eng. Encyc. Law, 21. And if there was an acceptance by the public of the dedication, there is no necessity of averring or proving that the road was

used by the public adversely as a public highway for twenty years. The dedication when completed by the acceptance became irrevocable.—Elliot on Roads & Streets, 119; *Stewart v. Conley*, 122 Ala. 179.

Both the dedication and acceptance took place according to the averments of the bill more than twenty years prior to the acquisition by the defendant of any interest in the lands. So the road was a public road at the date of his purchase. His acquiescence in its use by the public is of no consequence. The rights of the public having attached, no dissent of his could affect them. This disposes of the fifteenth ground of the demurrer.

The tenth ground is predicated upon the objection that the complainant has an adequate remedy at law. In support of this contention it is said that the criminal law of this state provides a complete, perfect and adequate remedy whereby the offender is punished and the nuisance abated. It is true the criminal statute (§ 5388 of Code) makes it a misdemeanor to obstruct a public road by fence, bar or other impediment, except by gates erected across the same by leave of the court of county commissioners, obtained as provided by law. It is also true that in *Campbell v. The State*, 16 Ala. 144, it was held that a judgment upon an indictment for a nuisance, "that the nuisance be abated forthwith by the defendant, if it has not already been done," would be sustained by this court. But it was not held, nor could this court have held had it been urged so to do, that a judgment could have been rendered restraining the defendant from repeating the injury to the party damaged.

It has been too long settled by the decisions of this court to be now questioned that chancery will assume jurisdiction to abate just such a nuisance as is sought to be abated by this bill, by preventing its continuance by the aid of an injunction. "This will be done, either on the ground of the irreparable nature of the injury or to prevent a multiplicity of suits liable to be occasioned by its repetition or continuance or other grounds which render the remedy at law inadequate. The disturbance of easements, existing or threatening, will especially be

[Alexander v. Bates *et al.* and Bates v. Alexander *et al.*]

restrained with much favor."—*City of Demopolis v. Webb*, 87 Ala. 659; *Rosser v. Randolph*, 7 Porter, 238; *State v. Mayor and Aldermen of Mobile*, 5 Port. 279.

The objection raised by the fourteenth ground of demurrer is that the.bill does not aver that the road dedicated and accepted has ever been worked or kept up by the public. It is never necessary or proper to aver evidential facts in pleading. But aside from this, had the complainant relied exclusively upon an implied acceptance by the public of the dedication, the fact that the road had been worked or kept up by the public is not the only one upon which such an implied acceptance by the public may be made to rest. There are many other acts on the part of the public indicative of an acceptance and from which an acceptance may be inferred .or implied. But certainly such an averment has no place in a bill expressly averring a dedication and acceptance. An acceptance being averred, it then becomes a matter of proof.

There is no error in the record, and the decree is affirmed.