# Jones *et al. v.* Bright.

*Bill in Equity to enjoin Obstruction of Public Road.*

1. *Public road; what necessary to establish highway by prescription.*—In order to establish a highway by prescription, it must be shown that the use of such road by the public for a period of twenty years or more has been adverse to the owner under claim of right, and not by the owner's permis-

[Jones *et al.* v. Bright.]

sion. The mere use of land for the purpose of a road carries with it no presumption of adverse claim, or claim of right to so use it.

2. *Bill to enjoin obstruction of public road; when averment as to public highway insufficient.*—In a bill filed to enjoin the obstruction of a public road, the averment that said road "is a public highway and that it has been used by the public as a highway for a period of twenty years, \* \* \* and that the public has had the quiet and uninterrupted use of said road as a highway for said period of time, and that said road has been continuously recognized as a public highway for such time, is insufficient to show that said road was, as a matter of fact, a public highway; the presumption being that its use was permissive.

3. *Bill to enjoin obstruction of public road; when complainant shown to suffer special damages different from the general public.*—In a bill to enjoin the obstruction of a public road, the averment that said road is the only outlet from complainant's home and farm towards the county seat, his church, his mill and school house, and that unless the road is kept open as a public highway the complainant will be entirely cut off from the outlet from his farm towards his county seat, mill, church and school, and that he will be greatly inconvenienced and that his farm will be damaged in that it will be greatly decreased in value on account of being cut off from the outlet, is sufficient as an averment of special or peculiar injury to the complainant, different from the injury suffered by the general public.

APPEAL from the Chancery Court of Cullman.

Tried before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellants against the appellee, J. N. Bright, and sought to have the court compel the defendant to remove obstructions to a public road and to restrain the defendant from interfering with defendant's use of said road as a highway and from closing up or obstructing the same in any way.

It was averred in the bill that each of the complainants reside and owned farms along the north end of said road which is described in the bill of complaint. As to the road being a public road, the averment of the bill was as follows: "That the said road hereinbefore described \* \* \* is a public highway, and that it had

[Jones *et al.* v. Bright.]

been used by the public as a highway for a period of over twenty years, to-wit, thirty-five or forty years; and that the public has had the quiet and uninterrupted use and control of said highway for said period of time, and that said road has been continuously recognized as a public highway for said period of time." The other facts averred in the bill, as constituting grounds for relief, are sufficiently stated in the opinion.

On the submission of the cause upon the demurrers and motion to dismiss the bill for the want of equity, the chancellor decreed that the bill was without equity and ordered the same dismissed. From this decree the complainants appeals, and assigns the rendition thereof as error.

F. E. St. John, for appellant.—The amended bill shows that the road had been used as a public road for a period of twenty years.—*Whaley v. Wilson,* 120 Ala. 502.

A highway not established by law nor dedicated by the owner, becomes a public way when generally used by the public for such purpose for twenty years, and the bill in this case shows this to be such a road.—*Lewman v. Andrews,* 129 Ala. 170; *Harper v. State,* 109 Ala. 66; *Forney v. Calhoun,* 84 Ala. 215; *Steele v. Sullivan,* 70 Ala. 589.

An obstruction of a public highway may be enjoined at the suit of a private citizen.—*Stewart v. Conley,* 124 Ala. 179.

J. E. Brown, *contra,* cited 21 Am. & Eng. Ency. Law, (2 ed.) 706, 707; *State v. Mobile,* 5 Port. 279; s. c. 30 Am. Dec. 564; *Rosser v. Randolph,* 7 Port. 238, s. c. 31 Am. Dec. 712; *Walker v. Allen,* 72 Ala. 456; *Rouse v. Martin,* 75 Ala. 510; *Richards v. Daugherty,* 133 Ala. 568; 14 Ency. Pl. & Pr. 1120; *Ogletree v. McQuagg,* 67 Ala. 584; *Hundley v. Harrison,* 123 Ala. 292; *Hucks v. Wachter,* 6 Am. Rep. 334, s. c. 34 Md. 265; *Roberts v. Mathews,* 34 So. Rep. 624.

[Jones *et al.* v. Bright.]

TYSON, J.—The original bill in this cause was held by the chancellor, upon submission upon demurrer and motion to dismiss for want of equity, to be defective but to contain equity with leave to complainants to amend. The amendment was made in the form of a substituted bill, which is a permissible practice frequently indulged in.

To this substituted bill a demurrer, consisting of many assignments, was interposed and also a motion to dismiss for want of equity. The cause was then submitted for decree in vacation upon the demurrer and motion, resulting in a decree dismissing the amended bill for want of equity. From that decree this appeal is prosecuted.

The purpose of the bill is to compel the respondent to remove the obstruction placed by him across a public highway which prevented its use by the complainants and to restrain him from further obstructing their passage along and over it. The bill alleges that the road which is obstructed and closed by the respondent is a public road—which confessedly is a mere conclusion of the pleader and would doubtless be subject to demurrer, (*Walker v. Allen,* 72 Ala. 456) ; the other facts averred being wholly insufficient to show that such is its character, the presumption being that its use was permissive. In other words, in order to establish a highway by prescription it must appear that the use by the public has been adverse to the owner under claim of right and not by his permission for a period of twenty years or more. The mere use of land for the purpose of a road carries with it no presumption of adverse claim or claim of right to so use it.—*Whaley v. Wilson,* 120 Ala. 502; *Trump v. McDonnell,* 120 Ala. 200, 204; Elliott on Roads and Streets (2d ed.) § 175. But the averment that it is a public road is sufficient to withstand the attack made by the motion to dismiss for want of equity. It is an amendable defect which may be cured by an amendment of the facts from which the conclusion is drawn or upon which it is based. A motion to dismiss is not the equivalent of a demurrer and does not reach

amendable defects.—3 Mayfield's Dig. §§ 2914, 2917, p. 330.

This brings us to a consideration of the only other point necessary to be considered on this appeal. It is whether the complainants show any special or peculiar damage sustained by them different from that suffered by the general public. If they do, then under our decisions the chancery court will assume jurisdiction to abate the nuisance sought to be abated by this bill, by preventing its continuance by the aid of an injunction. "This will be done, either on the ground of the irreparable nature of the injury or to prevent a multiplicity of suits liable to be occasioned by its repetition or continuance, or other grounds which render the remedy at law inadequate. The disturbance of easements, existing or threatened, will especially be restrained with much favor."—*City of Demopolis v. Webb,* 87 Ala. 666; *Cabbell v. Williams,* 127 Ala. 327.

The facts alleged are that the road obstructed by respondent, "is the only outlet for the complainants from their homes and their farms towards the south and towards their county seat, their church, their mill and their school house, and that unless the said road is kept open to the use of the complainants as a public highway, complainants will be entirely cut off from an outlet from their farms toward their county seat, mill, church and school, and that if said road is closed up it will not only greatly inconvenience complainants but will damage complainants' farms, in that, their farms will greatly decrease in value on account of being cut off from an outlet as aforesaid."

As we understand this averment, it is that the complainants will be greatly inconvenienced in getting from their homes and farms to their county seat, etc., if the highway is closed, because they will be entirely cut off from these places which will greatly damage the value of their lands. This certainly makes a case of special or peculiar injury to them not suffered by the general public and authorizes the maintenance of this bill.—*Cabbell v. Williams, supra; Corning v. Lowerre,* 6 Johns. 439; *Sheedy v. Union Press Brick Works,* 25 Mo. App. 529;

*Green v. Oaks,* 17 Ill. 249; *Fossion v. Landry,* 123 Ind. 136; Elliott on Roads and Streets, (2 ed.) §§ 665-669; *Stetson v. Faxon,* 19 Pick. 147; 31 Am. Dec. 123 and note; *Elwell v. Greenwood,* 26 Iowa 377; *Pittsburg v. Scott,* 1 Pa. 309; *Milarkey v. Foster,* (Ark.) 25 Am. Dec. 531. In the note to *Stetson v. Faxon,* cited *supra,* will be found a discussion by Mr. Freeman of the question, whether a person suffers special or peculiar injury where he is compelled, on account of an obstruction to the highway, in order to enjoy the free use of his property to take a more circuitous route. He entertains the opinion that he does, and that the person so circumstanced has a remedy for the injury. He is supported in this view by several of the courts and on principle it would seem that his position is a correct one. There is scarcely no diversity of opinion that the injury suffered is special or peculiar when one's egress and ingress is completely shut off.

Appellee's counsel make quite an extended argument to sustain the objection taken to the bill by the demurrer interposed to it. The questions thus raised are not before us for review.

The decree dismissing the bill must be reversed, and one will be here entered overruling the motion to dismiss for want of equity.

Reversed and rendered.

