(121 So. 62)

NASHVILLE, C. & ST. L. RY. CO. v. HULGAN. (7 Div. 837.)

Supreme Court of Alabama. March 21, 1929.

Goodhue & Lusk, of Gadsden, for appellant.

W. J. Boykin, of Gadsden, for appellee.

GARDNER, J. In 1887 one Miles A. Hughes owned and was in possession of certain real estate in Attalla, Ala., lying north of what was then known as the T. & C. Railroad (now the Nashville, Chattanooga & St. Louis Railway Company), and east of Seventh street, also called Line street. Said Hughes had this property surveyed, divided into lots, and platted, with streets and avenues designated thereon. This plat was duly filed for record in the probate office of Etowah county, and certified by the surveyor and Hughes the owner. Among the streets designated on this map was Railroad avenue, which ran parallel with the railroad track referred to—the track being practically straight through the length of the property. Subsequent to the recording of said map Hughes sold and conveyed various lots in this subdivision by reference thereto.

"It is well settled by decisions of this court, that where a person plats land and lays off lots according to such plat, and makes sale of one or more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets and alleys, highways, squares and commons, to the public, for public uses." Roberts v. Matthews, 137 Ala. 523, 34 So. 624, 97 Am. St. Rep. 56; Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; Stack v. Tenn. Land Co., 209 Ala. 449, 96 So. 355; City of Florence v. Florence Land Co., 204 Ala. 175, 85 So. 516; Town of Leeds v. Sharp, 218 Ala. 403, 118 So. 572; East Birmingham Realty Co. v. Birmingham Mach. & Foundry Co., 160 Ala. 461, 49 So. 448.

Under the undisputed evidence, therefore, the property designated on the map as Railroad avenue became irrevocably dedicated to the public for public uses.

In January, 1921, J. M. Hulgan purchased from the successors in title to Miles A. Hughes a triangular strip of land located in the space designated on the map as Railroad avenue at or near the intersection of said avenue with Line street, and running near to, and parallel with, the bed of the railroad, and erected thereon a dwelling, storehouse, garage, and fence. In November, 1921, the Nashville, Chattanooga & St. Louis Railway Company filed this bill against said Hulgan, seeking the removal of these improvements as a public nuisance, and alleging peculiar and special injury suffered by complainant different from that suffered by the general public. Upon consideration of the cause for final decree on pleadings and proof, the chancellor denied relief and dismissed the bill. We think this was error.

"Public highways belong, from side to side and end to end, to the public. There is no such thing as a rightful, private, permanent use of a public highway. * * * There is no right in any person to permanently appropriate to private use any part of a public street or sidewalk." First Nat. Bank v. Tyson, 144 Ala. 457, 39 So. 560.

It appears from the recorded plat that

58

Railroad avenue extends for its southern boundary to the roadbed of complainant railroad. Such is the conclusion, we think, any layman would reach upon inspection of the map. If, however, expert evidence were required to this end, the civil engineers testifying upon the question are in accord that such is the southern boundary of this avenue as designated on the map. Railroad avenue has been improved by some character of pavement for a portion of its width, and respondent's improvements are not placed thereon, but near thereto, and it may be conceded these improvements do not in fact now interfere with traffic on the avenue. Upon this portion of the avenue telephone lines have been erected, and a drainage ditch is near the bed of the railroad. But the respondent's rights are not enhanced by any of these matters. This avenue has been irrevocably dedicated to the public use "from side to side and end to end," and defendant is without right to erect permanent improvements thereon. The extent of the use of the avenue by the public in no manner affects the question of its dedication. Webb v. Demopolis, supra.

 Indeed, the argument in brief of counsel for appellee does not seem to run counter to the foregoing conclusions, but is largely rested upon the insistence that peculiar or special injury to complainant, as distinguished from injury to the public at large, is necessary to be shown, and that the proof is insufficient to this end, citing, among other authorities, Horton v. So. R. Co., 173 Ala. 231, 55 So. 531, Ann. Cas. 1914A, 685; Ala. Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Crofford v. A. B. & A. R. Co., 158 Ala. 288, 48 So. 366. We have duly considered the authorities cited by appellee, but entertain the view they do not militate against the conclusion here reached; but are in entire accord therewith.

Complainant has shown a former use of the street where defendant's improvements are located in repair of its tracks and roadbed, and that it had a right for proper purposes and to a reasonable extent of the use of the street for free ingress and egress as to its roadbed is very clear. Fitch v. N. Y. Providence & B. R. Co., 59 Conn. 414, 20 A. 345, 10 L. R. A. 188. It appears from the evidence that this use of the street at this point is interfered with by defendant's improvement.

Still further evidence of special injury is shown in the obstruction of view from complainant's road. As a public street, Railroad avenue, as said in First National Bank v. Tyson, supra, and quoted approvingly in Batterton v. City of Birmingham, 218 Ala. 489, 119 So. 13, "is 'not only public, but public in all its parts, not only for the movement of men and things on it, but the easement of light, air, and view.'"

To the west, and near to these houses erected by defendant, is a crossing on complainant's railroad that has been used by the public for more than 20 years and at a point where the evidence tends to show Line street intersects with the railroad, and appears there to terminate. To the east of these improvements, and within a distance of one-half of a mile there are two public crossings of complainant's road. The evidence shows, and it appears to be uncontradicted, that these improvements obstruct the view of operations of complainant's trains as they approach these crossings, as well as the view of those approaching the crossings, thereby increasing the danger of accident. The authorities hereinabove cited demonstrate complainant has sufficiently shown special and peculiar damage by interference with free access to its property, and with the view so as to entitle complainant to injunctive relief. See, also, Lewis on Eminent Domain (3d Ed.) vol. 1, p. 370.

 Nor does the failure of complainant to show a fee-simple title militate against its right to relief. It appears there has been a continuous use by complainant and its predecessor of this roadbed for railroad purposes for a period of more than 30 years, and an easement acquired by complainant for such purposes suffices to support the bill. 13 R. C. L. 138.

The result reached may present a hard case for defendant, who doubtless acted in good faith, but a consideration of the principle of law stated in the authorities herein cited, as applied to the facts established without material conflict, leads inevitably to the conclusion that complainant is entitled to the relief sought.

Better supervision of the execution of the decree may be had in the trial court. The decree will therefore be reversed, and the cause remanded to the court below to the end that a decree may be there entered in accordance with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.