33 So.2d 472

**SANDLIN v. BLANCHARD et al.**

**6 Div. 635.**

Supreme Court of Alabama.

Nov. 28, 1947.

Rehearing Denied Feb. 3, 1948.

Fite and Fite, of Hamilton, for appellant.

Fred Fite, of Hamilton, for appellees.

BROWN, Justice.

This appeal is by the complainant from an interlocutory decree sustaining the defendants' demurrer to the bill as amended. The bill is by landowner, a private individual, and seeks to enjoin the defendants, their agents, servants and employees, from obstructing a public road described in the bill and from interfering with the complainant, her agent, servant and employee, in repairing said road.

The demurrer does not question the existence of the road as a public road and as to how it became such road is not material on this appeal. 40 C.J.S., Highways, § 219.

The bill presents the case in a single aspect—to enjoin the obstruction of said road and to prevent the defendants from interfering with the complainant or her agent in making repair of a culvert thereon.

The demurrer addressed to the bill as a whole raises two questions. (1) What authority has the complainant to make repair in the face of a threatened breach of the peace and (2) whether or not the alleged obstruction is one entitling the complainant to an injunction?

The rule stated in 40 C.J.S., Highways, § 225, is that "A traveler actually hindered may personally remove an obstruction in a highway, as may anyone else if specially injured, but it is a condition to the exercise of the right that the removal does not involve a breach of the peace, and that due care is exercised in effecting the removal." This rule is supported by Shaheen v. Dorsey, 208 Ky. 89, 270 S.W. 452; Muir v. Kay, 66 Utah 550, 244 P. 901; 29 C.J. p. 626 and note 53; 40 C.J.S., Highways, § 225; 13 R.C.L. p. 244 § 204.

In the Utah case the court held: "There are circumstances where at common law a private subject had the right to abate a public nuisance in a public highway * * * but, unless the private subject had occasion to make use of the highway or if the obstruction did not impede his progress traveling on the highway, he was required to leave the public injury to be redressed by the public authorities. It was the existence of an emergency which justified interference by the individual, and the right of a private citizen to abate the encroachment or obstruction was limited by the necessity of the case." Muir v. Kay, 66 Utah 550, 244 P. 901, 906.

It is well settled that where a road is shown to be a public road, a private individual is entitled to an injunction against encroachment or obstruction thereon when and only when he has sustained special damages different, not merely in degree, but in kind, from that suffered by the public at large. Jones v. Bright, 140 Ala. 268, 37 So. 79; 40 C.J.S., Highways, § 226 subsec. b.

The substance of the allegations designed to show that the defendants are guilty of obstructing the road is that on the 29th of April, 1947, when complainant's agent attempted to repair a culvert on said road where it crossed defendants' land, defendants' sister sat down in the place where said culvert was to be repaired and the other defendants threatened complainant's agent with violence if he went ahead with the repair work and continued to threaten complainant's agent with violence "and defendants' said conduct constituted an obstruction of said public road." Ordinarily private individuals have no right to construct highway improvements or make repair thereon without the permission of the governing public authorities, except to the extent of repairing defects caused by their own acts. Various duties in this respect are sometimes imposed by statute or ordinances. 25 Am.Jur. pp. 376, 377, § 64.

To constitute an obstruction something more than threats of violence is essential. "In general it may be said that an unlawful obstruction or encroachment may consist of anything which renders the highway less commodious or convenient for the use of the public, such as buildings or other structures, projections over the highway, ditches and excavations under or across highways, fences, gates, walls, or untrimmed hedges or brush growing on the highway." 40 C.J.S., Highways, § 218. "A person is not guilty of obstructing a highway because, by threats, he causes a road officer to desist from removing an obstruction." 40 C.J.S., Highways, § 218; Chaffin v. State, Tex.Cr.App., 24 S.W. 411. Nor is he guilty of maintaining a nuisance because he prevents an unauthorized person from making repairs of defects which such person did not create.

There is an absence of allegation that defendants were responsible for the defect in the culvert or that said defect was caused by the acts of complainant. For aught appearing in the bill the defect was the result of ordinary public use. The only allegation relating to the nature of the defect is "that said culvert in its present state of disrepair makes said public highway unusable at this point; *and that defendants' said conduct constitutes an obstruction of said public road.*" [Italics supplied.]

Although the amendment to the bill is sufficient to show that complainant will suffer damages different in kind from that suffered by the public generally (Jones v. Bright, 140 Ala. 268, 37 So. 79), the allegations of the bill as amended in respect to the obstruction, construed most strongly against the pleader, are not of facts but conclusions of the pleader and are too general, indefinite and uncertain to warrant the issuance of an injunction.

We concur with the trial court in the ruling that the bill was subject to some of the objections pointed out in the demurrer.

Affirmed.

FOSTER, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.

GARDNER, Chief Justice (dissenting).

It is clear enough to my mind that if there existed a fence or other such similar obstruction across the road here in question, and these defendants by threats of violence prevented its removal by complainant they would be thus continuing the obstruction in the highway.

That complainant suffers a special injury is very fully disclosed in the bill. True, under the supposed cases he could not have removed the obstruction if to do so would have caused a breach of the peace. For that reason he appeals to the court, so that the obstruction may be removed in a peaceable manner.

So in the instant case the bill showed that the culvert is an obstruction to travel on the highway; that the highway cannot be used with this culvert in its present state of disrepair. So far as appears from this bill, there could be no objection to the complainant effecting the repair so as to make the highway usable. For aught appearing the highway may be one kept up by the neighborhood or the community using the highway, as was the situation in the recent case of Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774, and not by the public authorities. If its repair is therefore one which the complainant should not make I am persuaded this is defensive matter. There is nothing in the bill to indicate in the slightest any impropriety in complainant repairing this culvert so that the highway may be used. I am, therefore, of the opinion that when the defendants by threats of violence prevent complainant from repairing this culvert, they subject themselves to injunctive process upon the application of complainant, who is peculiarly interested in the use of this highway.

I, therefore, respectfully dissent.