33 So.2d 258

### TURNER v. MASSEE.
#### 4 Div. 423.

Supreme Court of Alabama.

Dec. 18, 1947.

Rehearing Denied Jan. 22, 1948.

J. Hubert Farmer, of Dothan, for appellant.

Oscar L. Tompkins and J. R. Ramsey, both of Dothan, for appellee.

STAKELY, Justice.

The question in this case is whether a certain strip of land has been irrevocably dedicated to the public as a street. This issue was presented to the court by a bill in equity filed by Roy Turner against J. N. Massee. During the trial of the case Roy Turner died and the case was revived in the name of Jimmie Turner, as administratrix. Upon submission of the cause for final decree upon pleadings and the proof, the bill was dismissed by the court and the temporary injunction, which had been previously issued, was dissolved. This appeal is from that decree. The witnesses were examined before the register and accordingly we are not aided by any presumption in favor of the finding of the court. Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881.

On July 24, 1935, Roy Turner bought from John R. Vann, as receiver of the Houston National Bank, a parcel of land in the City of Dothan, Alabama, containing 19½ acres more or less. In the deed which Roy Turner received the land was described by metes and bounds. The deed contained the following provision: "There is hereby created a street on the North side of the land herein described, which street is hereby dedicated to the public, which said street is more particularly described as follows:" (Here follows a description by metes and bounds of the land containing ¼ of an acre more or less dedicated as a street). It appears that the land was sold on a basis of $150 per acre. The price paid of $2,887.50 on this basis would be for 19¼ acres. On September 5, 1935, Roy Turner deeded to his wife Jimmie Turner an undivided one-half interest in the property. This deed contained the same provision relating to the street which was contained in the aforesaid deed from John R. Vann, as receiver of the Houston National Bank, to Roy Turner.

Roy Turner was in possession of the property including that part dedicated as a street until a dispute arose in March, 1939, between him and J. N. Massee concerning the use of the strip dedicated as a street. At that time the land including the aforesaid strip of land was enclosed by a fence and was used by Roy Turner for pasturage for several head of cattle.

On April 13, 1939, Roy Turner and his wife executed and recorded a written instrument purporting to annul and vacate the dedication of the street on the ground that the strip of land had not been accepted, opened or used in any way as a street by the City of Dothan.

The property bought by Roy Turner on the north side of which the street is claimed by J. N. Massee to have been dedicated, is bounded on the east by South Oats Street. South Oats Street is a part of the state highway known as the "Bee Line Highway". On July 24, 1935, the date of the aforesaid sale to Roy Turner, John R. Vann, as receiver of the Houston National Bank, also sold and conveyed to J. N. Massee a certain tract of land situated in the City of Dothan, Houston County, Alabama,

known as the Price Bros. Addition and containing 10 acres more or less. The same deed also conveyed from John R. Vann, as such receiver to J. N. Massee a one acre tract of land. This deed was recorded in the office of the Judge of Probate of Houston County, Alabama, on July 26, 1935. The ten acre tract of land known as the Price Bros. Addition lies immediately west of the land deeded to Roy Turner and the one acre tract of land lies immediately north of the ten acre tract. J. N. Massee was at the time the owner of a lot of land immediately north of and adjoining the parcel purchased by Roy Turner. This latter piece of property owned by J. N. Massee also is bounded on the east by South Oats Street.

It does not appear that the public has used the strip of land claimed to have been dedicated for street purposes either for travel or in any other way. The City of Dothan has not by resolution formally accepted the strip of land for street purposes. The strip of land has not been graded or improved in any way for street purposes nor has the City of Dothan taken any steps to maintain the strip of land for street purposes.

The dispute between Roy Turner and J. N. Massee in March, 1939, arose when Roy Turner claimed the strip of land as his own. At that time J. N. Massee tore down the fence which enclosed the land. Subsequently on a number of occasions when the fence had been put back by Roy Turner, J. N. Massee tore the fence down again. The present bill was accordingly filed by Roy Turner against J. N. Massee to restrain him from alleged recurring trespasses on the land and for damages. The court granted the temporary injunction as aforesaid.

It is earnestly insisted by the appellant that since there was no statutory dedication of the strip of land for street purposes, § 12 et seq., Title 56, Code of 1940, the dedication was a common law dedication and did not become binding and irrevocable until accepted by the City of Dothan. Accordingly it is insisted that since the City of Dothan had not accepted the dedication, the dedication of the street was revocable. Fort Payne Co. v. City of

Fort Payne, 216 Ala. 679, 114 So. 63; Smith v. City of Dothan, 211 Ala. 338, 100 So. 501; 26 C.J.S., Dedication, § 34.

However, the position of appellant fails to take into consideration a material part of the evidence. With respect to the evidence to which we shall now refer, we have examined the record with great care. Witnesses for the appellee testify in substance that they were present at the auction sale when John R. Vann, as receiver of the Houston National Bank, sold the lands referred to to Roy Turner and J. N. Massee; that both of these parties were present at the sale and that John R. Vann, as receiver, or one of his auctioneers for him at the sale displayed a plat or survey of the property to be sold and that this plat or survey showed provision for a street to go from South Oats Street west over the property purchased by Roy Turner, as provided in his deed, and as claimed by J. N. Massee; that the statement about the proposed street was made before the bidding started on the property and thereafter the aforesaid lands were sold to Roy Turner and J. N. Massee with reference to the street.

Although there was introduced in evidence by complainant a plat or diagram which he testified was made by his son and which substantially shows the lines, acreage and comparative locations of the properties of the parties, there was no proof of any recorded map or survey nor was the plat or survey claimed to have been exhibited at the sale introduced in evidence. There was proof tending to show diligence in trying to find the plat or survey claimed to have been used at the sale, which appears to have been lost.

From our examination of the record we feel reasonably satisfied that the lands were sold by the auctioneer in accordance with a plat or survey that showed provision for the street in question. It is true that the map or survey was not recorded and there is no proof that the map or survey exhibited at the sale showed lots respectively numbered or a street designated by name on the plat or survey. However, we consider that the proof sufficiently shows that the properties were sold to Roy Turner and J. N. Massee with refer-

ence to a plat or survey which showed the respective tracts of land and the street in question. Under the authorities when this is the situation, the dedication of the street cannot be revoked, because while there must be an acceptance of the dedication, such acceptance will be implied. Nixon v. City of Anniston, 219 Ala. 219, 121 So. 514. Furthermore the sale and purchase of the lots under these circumstances is sufficient proof of the acceptance of the dedication. Evans v. Savannah & Western Ry. Co., 90 Ala. 54, 7 So. 758. In addition to the foregoing, the element of estoppel enters into this form of dedication so that the purchase of lots under these circumstances constitutes such an acceptance inuring to the public as to preclude denial of the acceptance. Manning et al. v. House, 211 Ala. 570, 100 So. 772. See also 26 C.J.S., Dedication, § 58; Stack v. Tennessee Land Co., 209 Ala. 449, 96 So. 355; Nashville C. & St. L. R. Co. v. Hulgan, 219 Ala. 56, 121 So. 62; Snead v. Tatum, 247 Ala. 442, 25 So.2d 162.

Since we hold that the dedication of the street could not be revoked, there is no need to consider the method by which vacation was sought to be accomplished. We have dealt with the case as presented. Accordingly no question relating to the grant of a private right-of-way has been considered.

We conclude that the court correctly decided the case and its decree is due to be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.