47 So.2d 168

### FLOYD v. BLACKSHER CO.
#### I Div. 391.

Supreme Court of Alabama.
June 22, 1950.

Barnett, Bugg & Lee, of Monroeville, for appellant.

R. L. Jones, of Monroeville, for appellee.

LAWSON, Justice.

The appeal is by Bertha L. Floyd from a decree of the circuit court of Monroe County, in equity, overruling her demurrer to a bill filed against her by appellee, Blacksher Company, a corporation, seeking to enjoin the obstruction of a public road.

The bill is in pertinent part as follows:

*"Second:*

"That the Respondent is the owner of the following described real estate, situated in Monroe County, Alabama, to-wit:

"Tracts numbered 1, 2-A less 1¼ acres in the Northwest Corner, 2-B and 4-A, according to the Plat of Blacksher Orchards, Uriah, Alabama, as the same is recorded in the office of the Probate Judge of Monroe County, Alabama.

"That a map or plat of said Blacksher Orchards, Uriah, Alabama, is duly recorded in the Probate Office of Monroe County, Alabama, in Deed Book 109 at page 501, and was so recorded at the time Respondent acquired title to the above described lands. Reference is hereby made to said map or plat for the purpose of showing the location of said Tracts of land and how they lie.

*"Third:*

"Complainant further shows that it was the owner of all of said lands during the year 1927, and desiring to subdivide said lands into lots or tracts, it caused the same to be surveyed by a surveyor, and caused a map or plat thereof to be made, showing the subdivisions into which said lands were divided and giving the length and bearings of the boundaries of each lot or tract and its number and the relation of the lands so platted or mapped to the government survey, as provided by law. That after said lands had been so subdivided into lots or tracts and said map or plat thereof prepared, complainant proceeded to sell said lots or tracts according to said plat or map

at public auction. That at said sale, copies of said map or plat were displayed to the public and sales were made to various purchasers, all according to said map or plat. That in pursuance to said sales, deeds were made to the several purchasers of the above described tracts of land, all of which deeds described said lands by Tract Number and referred to said Plat of Blacksher Orchards, Uriah, Alabama.

### "Fourth:

"Complainant further shows that at the time of said auction sale several roads were laid off through the lands included in said Blacksher Orchards subdivision, the same being roads shown on the map or plat of said subdivision, and that by selling said tracts described above, and other tracts in said Blacksher Orchards subdivision, according to said map or plat, complainant intended to dedicate, and did dedicate to the public said roads shown thereon. That the roads shown on said map or plat were not sold, but were dedicated to the public use as roadways for use by anyone desiring to travel the same.

"That one of such roads shown and designated on said map or plat runs north and south between said tracts 1 and 4-A on one side and said Tracts 2-A and 2-B on the other side. That said Tracts numbered 1 and 4-A adjoin said road on the East side thereof, and said Tracts numbered 2-A and 2-B adjoin said road on the West side thereof, said road being, to-wit: forty feet in width.

### "Fifth:

"Complainant further shows and represents that Respondent, being the owner of said Tracts lying on both sides of said road, is maintaining one or more fences and/or gates or other obstructions across said road which interfere with the public use of the same, when the same should be kept open and unobstructed for public travel. That the Complainant owns other lands both to the North and South of said Blacksher Orchards subdivision, upon which it carries on or engages in the business of farming and cattle raising and needs the use of said road frequently in and about said business for the purpose of hauling farm produce, driving cattle and other purposes. That the maintenance of said obstructions across said road by the Respondent is in violation of the rights of Complainant and the same should be removed.

"Complainant further avers that the maintenance of such fences, gates or obstructions across said road are in violation of the rights of the public in general, said road having been dedicated to public use by the Complainant when he sold said above described tracts of land, and should be removed."

The main point argued in brief filed on behalf of appellant is that the trial court should have sustained her grounds of demurrer which take the point that the bill is defective in that it does not contain averments showing that the plat or map had been recorded prior to the time the lots or tracts were originally sold.

The bill does aver that the plat or map had been recorded prior to the time the respondent acquired the property. But when construed most strongly against the pleader, it does not aver that the said map or plat had been recorded prior to the time the tract or lots were sold in 1927.

However, this failure of averment did not make the bill subject to the grounds of demurrer here under consideration, for the bill contains averments sufficient to show a common-law dedication. In Manning v. House, 211 Ala. 570, 573, 100 So. 772, 774, it was said: "Where an owner causes his lands to be surveyed and platted, whether the plat be recorded or not, and proceeds to sell one or more lots according to the plat, this is a completed dedication of the streets laid out on the plat. The purchase of lots constitutes an acceptance which inures to the public. An element of estoppel enters into this form of dedication. The obligations of good faith arise by thus holding out to the public the use of the proposed streets as an appurtenance to the property offered for sale * * *."

In the recent case of Turner v. Massee, 250 Ala. 134, 136-137, 33 So.2d 258, 260,

it was said as follows: "From our examination of the record we feel reasonably satisfied that the lands were sold by the auctioneer in accordance with a plat or survey that showed provision for the street in question. It is true that the map or survey was not recorded and there is no proof that the map or survey exhibited at the sale showed lots respectively numbered or a street designated by name on the plat or survey. However, we consider that the proof sufficiently shows that the properties were sold to Roy Turner and J. N. Massee with reference to a plat or survey which showed the respective tracts of land and the street in question. Under the authorities when this is the situation, the dedication of the street cannot be revoked, because while there must be an acceptance of the dedication, such acceptance will be implied. Nixon v. City of Anniston, 219 Ala. 219, 121 So. 514. Furthermore the sale and purchase of the lots under these circumstances is sufficient proof of the acceptance of the dedication. Evans v. Savannah & Western Ry. Co., 90 Ala. 54, 7 So. 758. In addition to the foregoing, the element of estoppel enters into this form of dedication so that the purchase of lots under these circumstances constitutes such an acceptance inuring to the public as to preclude denial of the acceptance. Manning v. House, 211 Ala. 570, 100 So. 772. See also 26 C. J. S., Dedication, § 58; Stack v. Tennessee Land Co., 209 Ala. 449, 96 So. 355; Nashville, C. & St. L. R. Co. v. Hulgan, 219 Ala. 56, 121 So. 62; Snead v. Tatum, 247 Ala. 442, 25 So.2d 162."

It is well settled that a private individual is entitled to an injunction against encroachment or obstruction on or to a public road or street when he has sustained special damages different, in kind, from that suffered by the public at large. Sandlin v. Blanchard, 250 Ala. 170, 33 So.2d 472; Cabbell v. Williams, 127 Ala. 320, 28 So. 405; Jones v. Bright, 140 Ala. 268, 37 So. 79.

The trial court did not err in overruling the only other ground of demurrer not heretofore discussed, which was in effect that the bill did not state a cause of action, which, of course, is no more than the general demurrer that the bill is without equity.

The decree is affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.