195 So.2d 897

Alfred HOLZ et al.

v.

O. W. LYLES.

1 Div. 364.

Supreme Court of Alabama.

Feb. 23, 1967.

522

Arthur C. Epperson, Foley, for appellants.

Wilters & Brantley, Bay Minette, for appellee.

PER CURIAM.

Appellee filed suit in the Circuit Court of Baldwin County, in Equity, to enjoin and restrain appellants from obstructing an area of alleged public land and from maintaining structures and obstacles thereon which interfered with complainant's free access from his real property adjoining a public road on the south to Palmetto Creek on the north side of said public road. This alleged public land adjoins the south side of the creek.

Appellants (respondents) interposed a demurrer to the bill. One ground of the demurrer is that the bill of complaint is without equity. The trial court overruled the demurrer. The ground of the demurrer that the bill is without equity is before us for review.

In addition to an allegation that the respondents (appellants) claim title to the area of land here involved, the bill alleges:

"* * * Your Complainant avers that the Respondents [appellants] have gone on the above lands and are exercising dominion over it. That they have placed large timbers, mounds of dirt and a Barbecue Pit between Magnolia Street and the edge of Palmetto Creek. Complainant avers that this is public land and the act of the Respondents have interferred [sic] with and are interferring [sic] with Complainant's free access to Palmetto Creek."

Then follows a prayer for a permanent injunction to abate such interference.

Numberous decisions of this court are committed to the doctrine that in equity a demurrer to a bill admits all the material facts well pleaded therein, but does not admit conclusions of law or inferences of fact. Terrell v. Marion County, 250 Ala. 235, 34 So.2d 160. This admission is for pleading only and does not dispense with proof of such allegations.

This court has held that a private individual is entitled to an injunction against encroachment or obstruction on or to a public road or street when he has sustained special damages different, in kind, from that suffered by the public at large. Floyd v. Blacksher Co., 254 Ala. 32, 47 So.2d 168; Sandlin v. Blanchard, 250 Ala. 170, 33 So.2d 472; Cabbell v. Williams, 127 Ala. 320, 28 So. 405; Jones v. Bright, 140 Ala. 268, 37 So. 79. " * * * So, an abutter has a special interest in a highway giving him the right of access to his premises, and may maintain an action for an obstruction which cuts off his right of access" to his premises. Cabbell v. Williams, supra, 127 Ala. 326, 28 So. 406. A case of special or peculiar injury, not suffered by the general public, is made out, so far as pleading is concerned in a bill of equity, when the bill avers that "complainants will be greatly inconvenienced in getting from their homes and farms to their county seat etc." Jones v. Bright, supra, 140 Ala. 272, 37 So. 80.

"The terms 'public lands' or 'public domain', which are regarded as synonomous, are habitually used in the United States to designate such lands of the United States or of the states as are subject to sale or other disposal under general laws, and are not held back or reserved for any special governmental or public purpose, and do not include lands to which rights have attached and become vested through full compliance with an applicable land law." State ex rel. Town of Crescent City v. Holland,

151 Fla. 806, 10 So.2d 577; 42 Am.Jur., p. 794, § 13.

See also 73 C.J.S. Public Lands § 1, p. 647.

■ Public highways belong entirely to the public, and there can be no rightful private use. Nashville, C. & St. L. Ry. Co. v. Hulgan, 219 Ala. 56, 121 So. 62.

■ While an individual, acting in a private capacity, may procure an injunction under circumstances shown above to prevent obstruction of a public highway, we do not think that public lands belong to the public in the sense that public highways or roads do, thereby enabling an individual in his private capacity to enjoin the wrongful use of such lands by which he suffers inconvenience or deprivation, as here alleged. He has no right to abate the enjoyment or use of such lands by another so that his convenience or enjoyment may be subserved. Such use by appellants can only be disturbed by the rightful owner, and not by one, as here, who has no right of possession or of use.

■ We conclude under the allegation of the bill, admitted by demurrer, that the area involved lying between Magnolia Street and the edge of Palmetto Creek is public land, that the complaint is without equity. There is no allegation in the bill that the area is a part of Magnolia Street so as to bring it within the purview of Floyd v. Blacksher Co., supra, and other decisions expressing like doctrine. The demurrer to the bill on the ground that the bill is without equity should have been sustained. The decree of the trial court is due to be reversed and the cause remanded. It is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.