90 So.2d 727

**W. I. GRUBB, Jr., et al.**

v.

**L. H. TEALE.**

**6 Div. 618.**

Supreme Court of Alabama.

Nov. 15, 1956.

Burr, McKamy, Moore & Tate, Maurice F. Bishop and Mark L. Taliaferro, Birmingham, for appellants.

Parsons, Wheeler & Rose, Birmingham, for appellee.

GOODWYN, Justice.

W. I. Grubb, Jr., an appellant here and a respondent below, is the owner of lot 9 of G. M. Matthews' Addition to Huffman, according to the map thereof which was filed for record in the office of the Judge of Probate of Jefferson County on June 15, 1923, and is recorded therein in Map Book 13, at page 36. According to said map this lot is in the shape of a parallelogram, 59.65 feet by 150 feet, with the long side on the north being shown as abutting a 30-foot "County Road", generally known as Roebuck Drive. It appears that this road was paved about 1928 with a strip of brick pavement 18 to 20 feet wide. A survey of lot 9 made in 1951 revealed that part of the pavement encroached on the north side of said lot as platted. In an effort to settle the conflicting interests thus made apparent, the following agreement was entered into by Mr. Grubb and Jefferson County, viz.:

"State of Alabama ⎫
 Jefferson County ⎭

"This Agreement made and entered into by and between W. I. Grubb, Jr., Party of the First Part, and Jefferson County, Alabama, Party of the Second Part;

"Witnesseth:

"Whereas, W. I. Grubb, Jr., Party of the First Part, is the owner of Lot 9, according to G. M. Matthews' Addition to Huffman, according to map thereof recorded in the office of the Judge of Probate of Jefferson County, Alabama, in Map Book 13, page 36; and,

"Whereas, Along the northerly boundary of said Lot 9 there is a thirty (30) foot county road, shown by said map hereinabove referred to, said road being commonly known as and referred to as Roebuck Drive; and,

"Whereas, Said Roebuck Drive has been paved and the paved portion of said Roebuck Drive extends three (3) feet over the northerly boundary of said Lot 9; and,

"Whereas, Jefferson County, Alabama, Party of the Second Part, claims to have a thirty (30) foot right-of-way, which said right-of-way is measured fifteen (15) feet from the center line of the public road known as Roebuck Drive, which would, in effect, extend as the county's right-of-way over an additional five (5) feet of the northerly boundary of said Lot 9, said paved portion of Roebuck drive being twenty (20) feet in width; and under such a state of facts, the house as commenced by W. I. Grubb, Jr., would be in violation of the zoning regulations of Jefferson County, Alabama; and,

"Whereas, W. I. Grubb, Jr., claims that the County has already encroached three (3) feet on and over the northerly boundary of said Lot 9; and,

"Whereas, The parties hereto are desirous of settling said controversy;

"Now, Therefore, Said parties mutually agree that in consideration of the stipulations and agreements herein contained, that the southern boundary of Roebuck Drive, at the point where it lies along the northerly boundary of said Lot 9, shall be the southern edge of the pavement as it now exists, and without in any manner extending the right-of-way for the road beyond this point, W. I. Grubb, Jr., does by these presents grant, bargain, sell and convey, for the consideration of the establishing of said boundary, an easement to Jefferson County, Alabama, for drainage purposes, five (5) feet in width, said easement to be parallel with said Roebuck Drive and to have its northerly boundary as the edge of the present pavement of Roebuck Drive at this place and to extend from the edge of said paved portion of Roebuck Drive in a southerly direction for five (5) feet.

"In Witness Whereof, W. I. Grubb, Jr., and wife, Margaret Grubb, have hereunto set their hands and seals, and Jefferson County, Alabama, by and through its duly authorized officers, has caused this instrument to be executed, all on this the 29th day of January, 1952.

"W. I. Grubb, Jr.    (Seal)
Margaret Grubb    (Seal)
"Approved: C. J. Rogers,
    County Engineer
        "Jefferson County, Alabama
        By W. D. Kendrick
            President"

L. H. Teale, appellee here and complainant below, is the owner of about 6 acres of land with a frontage of 552 feet along the north side of Roebuck Drive, a portion of which is directly opposite the Grubb property. Teale, claiming that the above agreement, in effect, is an unauthorized vacation of a portion of a public road to his special damage, filed a bill of complaint in the Circuit Court of Jefferson County, in Equity, against Grubb and Jefferson County seeking cancellation of the agreement. The bill alleges that said agreement was entered into for Grubb's "private benefit and gain"; that "Roebuck Drive has been a public road in Jefferson County, Alabama, in its present location, for more than 40 years next preceding the filing of this bill of complaint, and has during all of this period been used by the public continually and uninterruptedly for travel and convenience; that the public generally for more than 40 years has used and had the actual, peaceable and adverse use of said 30-foot county road, and no one to his (complainant's) knowledge and until the agreement above referred to was entered into, claimed any part of said road; that Jefferson County has recognized the existence of said 30-foot county road known as Roebuck Drive during all of these years"; that the effect of the agreement is to give to Grubb "a 5-foot strip of land off the south side of said county road, and which runs the length of lot 9 adjoining Roebuck Drive, and that said agreement results in taking away from the complainant his vested right of ingress and egress on the full width of Roebuck Drive, and deprives him of his portion of the light, air, view and access along said road"; "that the County Commission * * * was without authority in deeding or giving the above strip of property to the other respondent, and that said purported conveyance was without consideration and void, and that such instrument, if allowed to stand, would cause irreparable injury to complainant and would cause a stricture or bottleneck in said Roebuck Drive in front of his said property, and would cause it to be greatly depreciated in value". In answering the bill, Grubb takes the position that the agreement is not a "vacation or attempted vacation of any part of any highway or right-of-way belonging to Jefferson County" but "an agreement settling the boundaries" between his property and the right-of-way owned by the County; that no part of Roebuck Drive was con-

veyed to him; and that there is "a clearly dedicated thirty foot right-of-way for a road which was dedicated by the recording of the map of Matthews' Addition to Huffman, and which thirty foot right-of-way lay entirely north of the northern boundary line of said lot 9".

As we see it, the determinative question is one of fact as to the actual location, on the ground, of the 30-foot roadway, that is, whether, as contended by Grubb, the north boundary of lot 9 as platted is in fact the south line of Roebuck Drive as that roadway has been established by public user for the prescriptive period of twenty years or more, or whether, as contended by Teale, a part of Roebuck Drive as established by prescription extends into and over the northern portion of lot 9 south of the south edge of the pavement. On this point the evidence is not without some conflict. However, there is substantial evidence supporting the trial court's finding, based on testimony given ore tenus, that "regardless of differences in maps or surveys there has been a well-established road some thirty (30) feet wide used by the public and maintained by the County at the location in question for more than fifty (50) years"; that "there is no evidence of any substantial change in the location of the road"; and that the attempted conveyance of "a part of this road to an individual for his own benefit * * * is detrimental to the public and complainant appears to have suffered a special injury".

It is the settled rule of review that the finding of the trial court, when testimony is taken orally before it, has the effect of a jury's verdict and will not be disturbed on appeal unless plainly and palpably wrong. Hinson v. Byrd, 259 Ala. 459, 66 So.2d 736; Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135; Haden by Boykin, 259 Ala. 504, 66 So.2d 708; Huggins v. Turner, 258 Ala. 7, 60 So.2d 909. The question being fairly debatable and neither conclusively proved nor disproved, "this court, under our settled rule, will not substitute its own judgment for that of the trier of facts at nisi prius, who heard the witnesses testify and who is charged with the primary duty and responsibility of determining the matter." Forest Hill Corporation v. Latter & Blum, 249 Ala. 23, 29, 29 So.2d 298, 302. There being ample evidence to support the trial court's findings, we perceive no basis, in the light of the stated rule of review, to disturb them.

We find no merit in appellants' insistence that relief should be denied because the agreement has for its purpose the "settling of boundaries" and not the "vacation or attempted vacation" of a public roadway. The obvious effect of the agreement, if valid and operative, is to vacate a portion of Roebuck Drive by establishing the southern edge of the pavement as the south boundary of said road.

It is not altogether clear whether the trial court undertook, by its decree, to define the precise location of the south boundary of the roadway, that is, exactly how far south of the pavement the right-of-way extends. Mention is made in the decree of "a well-established road some thirty (30) feet wide used by the public and maintained by the county at the location in question for more than fifty (50) years" and that "there is no evidence of any substantial change in the location of the road." And, there is evidence that the roadway's boundaries have been considered by the county authorities as being 15 feet north and south of the center line of the pavement. But we do not think there is sufficient evidence to support a definite fixing, on the ground, of the south boundary of the right of way, although there is ample evidence to support a finding that some area south of the south edge of the pavement has been used for road purposes for the prescriptive period so as to establish it as a part of the public roadway. The purpose of the bill is to cancel the agreement between Grubb and the county because it is, if valid, an effectual vacation of a part of a public road. It is not an effort to precisely define the roadway's boundaries. We think the evidence clearly establishes

a user by the public for roadway purposes of an unpaved area south of the south edge of the pavement so as to create a prescriptive right to continue such use. Since the agreement operates as a vacation of such area, whatever might be its exact extent, it was not essential that the south boundary line be definitely established in order to justify the granting of relief.

■ Although the evidence does not show that the unpaved area south of the pavement has been used principally for actual travel, as has the paved portion, it is clearly established that the adjoining unpaved area has been used for the prescriptive period, and particularly since the pavement was placed in 1928, as a shoulder for the roadway and also for drainage purposes. It seems to us that essential incidents to the establishment of any improved country roadway are the shoulders and drainage ditches on either side of the portion normally used for travel. Where it is shown that such area has been used for the prescriptive period it becomes, by virtue of such user, an integral part of the roadway as effectually as if a part of the traveled way itself. Such areas are essential to the proper care and maintenance of the part actually used for travel and are for roadway purposes the same as the part actually used for travel. The general rule is thus stated in 25 Am.Jur., Highways, § 36, pp. 359–360:

"As a general proposition, the width of a highway established solely by user is determined by the extent of such user, and the width of the road as used at the end of the period of prescription fixed by the statute of limitations is the established width of the highway in such cases, provided, of course, that it has been used to such extent throughout the prescriptive period. This does not mean, however, that the public easement is necessarily confined strictly to the actual beaten path or traveled track in every instance. The right acquired carries with it such width as is reasonably necessary for the public easement of travel, which is to be determined by a consideration of the facts and circumstances peculiar to each particular case. * * *."

■ From 39 C.J.S., Highways, § 20, pp. 938–939, is the following statement of the rule:

"Width and extent generally. Generally speaking, the width and extent of a highway established by prescription or user are governed, measured, and limited by the extent of the actual user for road purposes. The easement is not, however, necessarily limited to the beaten path or traveled track, or to such path and the ditches on either side, but carries with it the usual width of highways in the locality, or such width as is reasonably necessary for the safety and convenience of the traveling public, and for ordinary repairs and improvements. In other words, a highway established by user or prescription includes the traveled track and whatever land is necessarily used as incidental thereto for highway purposes; but this does not mean that the prescriptive right carries with it a right in the public to lay out and construct an extended and enlarged highway."

■ Appellants urge on us that if the agreement is held to be a vacation or attempted vacation of a portion of the public roadway, such vacation or attempted vacation has been validated by virtue of the provisions of Code 1940, Tit. 56, § 18. That section has no application to this case. The obvious purpose of that statute (originally enacted in 1923, Act No. 15, appvd. Feb. 5, 1923, Gen.Acts 1923, p. 10) was to validate changes in location or vacations or attempted vacations which had theretofore taken place. It has no application to changes and vacations occurring, as in the instant case, after the law went into effect.

■ We here note that the establishment of a roadway by prescription gives to the

 

public an easement only and that the owner is not divested of the fee. Purvis v. Busey, 260 Ala. 373, 377, 71 So.2d 18.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.