Wilburn Williams filed an action against Cliff and Ethel Nearen for obstructing a public road. Williams alleged that the road that turns to the east from Union Grove-Parches Cove Road and which runs generally along the northern boundary of the Nearens' land is a public road. He further alleged that the Nearens had obstructed the road by digging a ditch across it, and requested that the court enjoin the Nearens from obstructing the public road. The Nearens counterclaimed, alleging trespass. After a bench trial, the court entered judgment for Williams. The judgment stated:
 "1. The court judicially ascertains that there is a public road of approximately ten feet in width which runs from the Union Grove Cove Road east along the north side of the defendants' property. . . .
 "2. That the plaintiff has a right to maintain said road in such condition that it may be used for transporting farm produce, supplies, cattle and farm equipment, and for similar uses. . . .
 "3. That the defendants are enjoined from interfering with the plaintiff's use of said road as herein described and are ordered and required to remove any obstacles placed in said roadway and required to fill in any ditches across said roadway which were placed or caused to be placed by the defendants or either of them."
Williams appeals, arguing that the court erred by declaring the road to be "approximately ten feet" wide and by restricting the use of the public road to "transporting farm produce, supplies, cattle and farm equipment, and for similar uses." The Nearens also appeal, arguing that the trial court erred when it declared the road to be a public road and when it granted Williams an injunction.
When a trial court hears ore tenus testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, we find the judgment to be plainly and palpably wrong. McInnis v. Lay, 533 So.2d 581 (Ala. 1988). This rule does not apply when the trial court erroneously applies the law to the facts before it. McInnis, supra; League v. McDonald,355 So.2d 695 (Ala. 1978).
The Nearens contend that the trial court erred when it declared the road to be a public road. Having reviewed the record, we find no error in the court's judgment, based largely on ore tenus evidence, that the road is a public road.
Having established that the road is a public road, Williams is entitled to an injunction against an encroachment or obstruction of the road only if he has sustained special injury different, "not merely in degree, but in kind from that suffered by the public at large." Osborne v. Cromeans,514 So.2d 32, 35 (Ala. 1987). The Nearens argue that Williams did not establish that he suffered any injury different from that suffered by the public at large.
The Nearens point out that Williams still has access to his property and argue that, because he has access, he suffers no special injury. No doubt if Williams was landlocked, he would suffer special injury; however, it is not accurate to say that because Williams has access to his property, he necessarily has not suffered special injury. Whatever access Williams may otherwise have, the loss of access to his pasture and livestock caused by an obstruction or encroachment to the road certainly constitutes a special injury "different not merely in degree, but in kind from that suffered by the public at large."
Williams challenges the trial court's judgment that the road is "approximately *Page 1373 
ten feet" wide. The trial court apparently based this holding on the Marshall County tax assessor's map that showed, for tax purposes, that there was an easement for a road ten feet wide. The tax assessor's map tracked approximately the path of the road.
Williams presented considerable evidence that the road, as it was actually used, did not run precisely as the map indicated, and that the map was a reference for the tax assessor to compute tax, not an attempt to describe the path and size of the roadway. In Grubb v. Teale, 265 Ala. 257, 262,90 So.2d 727, 731 (1956), the Court, citing 39 C.J.S. Highways § 20 at 938-39, stated:
 "Generally speaking, the width and extent of a highway established by prescription or user are governed, measured, and limited by the extent of the actual user for road purposes. The easement is not, however, necessarily limited to the beaten path or traveled track, or to such path and the ditches on either side, but carries with it the usual width of highways in the locality, or such width as is reasonably necessary for the safety and convenience of the traveling public, and for ordinary repairs and improvements."
(Emphasis supplied.)
The trial court apparently relied on the tax assessor's map, deciding to limit the public road to the width of the easement described on the tax assessor's map. This is a misapplication of law: as Grubb v. Teale states, the width of the road should be determined by considering how wide the public road actually in use is, considering the width reasonably necessary for the safety and convenience of the traveling public, and by considering the need for repairs or improvements. The trial court should have considered these factors in determining the width of the road; the court should not have relied on the tax assessor's map to the extent that it overlooked other compelling evidence. Accordingly, the trial court erred, and, on remand, the trial court should consider these factors in determining the width of the road.
Williams also complains of the trial court's order that he may use the road "for transporting farm produce, supplies, cattle and farm equipment, and for similar uses." Williams contends that since the court declared the road public, it should not have limited to those uses named by the trial court how the public could use the road. We agree. The restriction the trial court imposed virtually established in Williams a private right to use the road. A public road, which the trial court properly held this road to be, belongs entirely to the public, and there can be no limitation to private use. Holz v.Lyles, 280 Ala. 521, 195 So.2d 897 (1967). Accordingly, the trial court erred in regard to the particular restrictions it ordered in this case.
The trial court's ruling that the road is a public road is due to be affirmed; the court's ruling limiting the width of the road to "approximately ten feet" and the ruling restricting the uses of the road are due to be reversed; and the cause is to be remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.