ADAMS, Justice.
Ronald and Connie Hannah filed a declaratory judgment action against Dewayne Bearden, Beryl Williams, and Eual Williams. The action sought a declaration concerning the Hannahs’ right to use a lake in a subdivision. The trial court entered a judgment that declared that the Hannahs did not have any interest, right, or privilege in relation to the use of the lake. We affirm.
In 1962, L.J. Thompson and his wife subdivided certain lands owned by them, and they filed a plat for that subdivision, known as Iris Lake Homes, in August 1962. In January 1972, the Thompsons subdivided property adjoining Iris Lake Homes, and that additional subdivision was named Iris Lake Homes Subdivision Second Addition (“Second Addition”). The Thomp-sons signed a covenant with James and Mary Johnson in April 1972 that provided, in pertinent part:
“THIRD: That the owners of the lots in said Subdivision and Additions thereto which abut the lake area including John-sons shall have unrestricted access to said lake with the right to fish, swim, boat and engage in other recreational activities.
"FOURTH: The owners of lots in said subdivision which abut said lake including Johnson shall have the right to plant, mow, cultivate and control lawns, shrubbery and similar vegetation on the land which lies between their land and the edge of the water on said lake including the right to remove undesirable trees, underbrush and similar vegetation in and around the edge of the water.
“FIFTH: Thompsons will not erect any fence, barrier, or similar restrictive device which will hinder reasonable access to the water in said lake by Johnsons or other abutting owners.
“SIXTH: Johnsons and other abutting owners as aforesaid shall have the right to erect and maintain a fishing pier and boat dock in said lake and connecting to the lands between the water’s edge and their property, which pier or dock shall be of reasonable size for personal use rather than any commercial use and shall not include any boat house, shed or similar device other than to shade and protect the users of such pier or dock.
“SEVENTH: Neither Johnsons or any other abutting owner as aforesaid shall have the right to erect any fences, walls or other barriers on the lands between the water’s edge or between the front of their houses and the road nor shall they construct any buildings thereon or use *1199 the same for livestock or domestic animal pens of any kind.” (Emphasis supplied.)
On September 15, 1972, the Thompsons conveyed property in the Second Addition to James and Diane Crews. The realty conveyed to Crews was eventually conveyed to the Hannahs in December 1986. The plat showing the Second Addition was filed in July 1973.
The defendants in this action refuse to allow the Hannahs to use this lake. The Hannahs contend that the covenants made by the Thompsons allow them access to the lake and the rights to use the lake in accordance with the covenants.
As the covenants themselves clearly indicate, they are made to owners of land abutting the lake. The defendants do not dispute that the covenants apply to owners of land abutting the lake, but, instead, they deny that the Hannahs’ land does actually abut the lake. The trial court held, “the plaintiffs’ lot abuts Anne Drive but does not abut the lake area as shown by the plats.”
The record indicates that the Hannahs own a lot and house on Anne Drive. Across Anne Drive the defendants each own lots and live in houses on the lots. Beyond those lots is Iris Lake. The three defendants also own the lake itself by one-third undivided interests. Although the record is less precise on this point, it also indicates that the defendants own what the parties refer to as the “lake area,” which is generally the land surrounding the lake that is not a part of another lot. The record clearly indicates that the Hannahs’ property is on the opposite side of Anne Drive from the defendants' property and is not on the same side of the road as Iris Lake.
When a trial court hears ore tenus testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the reviewing court finds the judgment to be plainly and palpably wrong. Williams v. Nearen, 540 So.2d 1371 (Ala.1989). This rule does not apply if the trial court erroneously applies the law to the facts before it. Id.
Having reviewed the record, we find no error in the trial court’s judgment, based on ore tenus evidence, that the Hannahs’ property does not abut Iris Lake. The record will not support a holding that the trial court erred in this case when the evidence shows that the Hannahs’ property is located on Anne Drive and that Iris Lake is located across both Anne Drive and the defendants’ lots from the Hannahs’ property.
The Hannahs cite Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712 (1913), to argue that the trial court erred by failing to determine that their land abuts the lake. If the trial court erred in regard to the holding in that case, the error was harmless. The Hannahs further argue that City of Leeds v. Town of Moody, 294 Ala. 496, 319 So.2d 242 (1975), and other cases involving annexations indicate that the trial court erred. We find those cases inapposite.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.