KENNEDY, Justice.
Mary F. Madry sued Maggie Wiggins Reed in the Russell Circuit Court, seeking the sale of land she alleges was jointly owned and seeking a division of the proceeds. Ms. Reed is the widow of Brack Reed, deceased, and is the administrator of his estate. Ms. Madry averred that she was the daughter of Brack Reed; that, at the time of her birth, Brack Reed and her mother, Laura Williams, were married under the common law of Georgia; and that, as a lineal descendant of Brack Reed, she is entitled to an intestate share of his estate.
During the course of the trial, the parties agreed that the dispositive issue in this case is whether Laura Williams and Brack Reed were husband and wife under the common law of Georgia in 1940, the year of Ms. Madry’s birth. Their agreement states:
“Come now the parties, by and through their attorneys of record, and stipulate and agree as follows:
“The law of Georgia applies as to the legal issue of whether there was a common law marriage between Plaintiff’s mother and father during the years 1940 [through] 1944.
“In the event the Judge determines there was a common law marriage and said ruling is upheld on appeal, the parties stipulate and agree that the property should be sold by the Register, to the highest bidder for cash, since the property is incapable of equally and equitably being divided, that the court costs and attorney fees should be paid from the proceeds and the net proceeds should be divided equally with the Plaintiff receiving fifty (50%) percent and the defendant receiving fifty (50%) percent.
[[Image here]]
“Come now the parties, by and through their attorneys of record and further stipulate and agree by adding paragraph four as follows:
“The parties agree that the law of Georgia applies in this case and that the law of Georgia recognizes common law marriage. Specifically, parties could be married by common law under Georgia law during the years 1940 [through] 1944.”
Although we agree that a determination that Brack Reed and Laura Williams were husband and wife under the common law of Georgia may raise a presumption of Reed’s paternity of Ms. Madry, we do not necessarily agree that this issue is determinative of whether Ms. Madry is entitled to a share of Brack Reed’s estate. However, because the parties tried the case under that theory, we will treat that theory as the law of the case.
After hearing ore terms evidence, the trial court entered a judgment for Ms. Ma-dry, finding that Brack Reed and Laura Williams were married under the common law of Georgia at the time of Ms. Madry’s birth; that Ms. Madry was entitled to a *910 one-half interest in the disputed property; and that the property should be sold and the proceeds divided between the heirs. Ms. Reed appeals.
When a trial court hears ore tenus evidence, its judgment based upon that evidence is presumed correct and will be reversed only if, after a consideration of the evidence and all reasonable inferences to be drawn therefrom, we find the judgment to be plainly and palpably wrong. Davis International v. Schrader, 571 So.2d 1025 (Ala.1990); Williams v. Nearen, 540 So.2d 1371 (Ala.1989).
In order for a valid common law marriage to have existed in Georgia at the time of Ms. Madry’s birth, there must have been an agreement to marry between parties who held themselves out to the public as husband and wife and who lived together as such. Campbell v. Allen, 208 Ga. 274, 66 S.E.2d 226 (1951).
Viewing the trial court’s judgment with the appropriate presumption of correctness, we hold that, although the evidence is conflicting, the judgment is not plainly and palpably wrong. Ms. Reed cites us to a portion of the record in which is found evidence tending to prove that Brack Reed and Ms. Williams were not married under the common law of Georgia. However, having read the entire record, we hold that Ms. Williams’s testimony supports the trial court’s holding that Brack Reed and Ms. Williams were married under the common law and that, therefore, the judgment of the trial court is not plainly and palpably wrong.
We further hold that Ms. Reed’s argument that Ms. Madry’s action is barred by the doctrine of res judicata is without merit.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.