MONROE, Judge.
The plaintiffs, Carole Dalton, as admin-istratrix of the estate of Donna Gilliland, deceased; and Robert Darryl Gilliland, as father and next friend of Brittney and Heather Gilliland, two minor children (hereinafter collectively referred to as “Dalton and Gilliland”), appeal from a summary judgment in favor of the defendant, Shelby County (“the County”). This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in a situation where “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” It is well settled that the moving party has the burden of establishing that no genuine issue of material fact exists, and it is settled that all reasonable uncertainties regarding the existence of a genuine issue of material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the non-moving party to present substantial evidence creating a genuine issue of material fact. Porter, 636 So.2d 682.
On a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party, and all reasonable doubts must be resolved against the moving party. McClendon v. *1052 Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
On July 2, 1997, Donna Gilliland and her minor children, Brittney and Heather, were traveling along Higgins Road in Shelby County when a tree fell across their motor vehicle. All three were injured, and Donna’s injuries resulted in her death on July 10, 1997. Thereafter, Dalton and Gil-liland filed claims with the County, which were denied.
In November 1997, both Dalton and Gil-liland sued the County, alleging that the County had wantonly or negligently maintained Higgins Road in that the County had failed to remove the tree, which they say the County knew, or should have known, was a hazard to persons traveling on Higgins Road. The trial court consolidated the two cases.
The County ahswered, denying liability. Thereafter, the County moved for a summary judgment, contending that the tree was not located on the County’s prescriptive right-of-way and was located on private property and that the County did not breach any duty regarding the tree. The County further contended that regardless of the location of the tree the County did not receive notice or have any knowledge of any problem or defect regarding the tree. The County filed exhibits, including excerpts from various depositions, and a brief in support of its motion.
Dalton and Gilliland filed a response in opposition to the County’s summary-judgment motion, as well as exhibits in support of their position. Dalton and Gilliland introduced the affidavits of Bonnie Schrader and her husband, James 0. “Johnny” Schrader, who live near the accident scene.
In her affidavit, Bonnie Schrader stated, “The tree was located on the edge of the road and as a point of reference if I stood on the edge of the road I could touch the tree.” Bonnie also said she recalled “observing County employees removing the tree several days after the accident” and she said that “at the same time, County employees also removed a second tree near the accident location that was actually growing in the road.”
In his affidavit, Johnny Schrader stated, “As to the location of the tree, I specifically recall that it was located on the edge of the road and actually could be touched if one was standing on the road.” He further stated, “[Tjhere was a second tree actually growing in the road across from the tree that fell on the lady’s vehicle. Cars could not pass between them and would have to wait turns [to travel] between them.” He also stated in his affidavit that he had talked to Billy Thompson, a county commissioner, about the trees and the road and that he had also complained to the county engineers.
The trial court entered a summary judgment in favor of the County. Dalton and Gilliland filed a postjudgment motion, which the court denied. .This appeal followed.
In Williams v. Nearen, 540 So.2d 1371, 1373 (Ala.1989), our supreme court stated:
“In Grubb v. Teale, 265 Ala. 257, 262, 90 So.2d 727, 731 (1956), the Court, citing 39 C.J.S. Highways § 20, at 938-39, stated:
“ ‘Generally speaking, the width and extent of a highway established by prescription or user are governed, measured, and limited by the extent of the actual user for road purposes. The easement is not, however, necessarily limited to the beaten path or traveled track, or to such path and the ditches on either side, but carries with it the usual width of highways in the locality, or such width as is reasonably necessary for the safety and convenience of the traveling public, and for ordinary repairs and improvements.’ ”
(Emphasis in original.)
We find that the evidence created a genuine issue of material fact as to the location of the tree and as to whether the County had a duty to remove it, and we conclude, therefore, that the summary *1053 judgment was not appropriate. Thus, we reverse that judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.